Florence Fellows **MORGAN**, Plaintiff-
Appellee,

v.

**ARMOUR & COMPANY**, a Delaware
Corporation, Defendant-Appellant.

No. 23188.

United States Court of Appeals,
Ninth Circuit.

April 13, 1970.

Rehearing Denied May 13, 1970.

J. Gordon Cook (argued), of Mc-
Kesson, Renaud, Cook, Miller & Cordova,
Phoenix, Ariz., for appellant.

John C. Hedberg (argued), of Cox &
Hedberg, Phoenix, Ariz., for appellee.

Before MADDEN*, Judge of the Unit-
ed States Court of Claims; HAMLEY
and BROWNING, Circuit Judges.

MADDEN, Judge:

This is a negligence case which was
tried in the United States District Court
for Arizona, which had jurisdiction be-
cause of diversity of citizenship of the
parties. The case was tried to the
court, without a jury, and a judgment
was rendered for the plaintiff in the
amount of $5,150.45. The court made 14
findings of fact as to liability.

The plaintiff was a business invitee to
the defendant's premises in Phoenix, Ar-
izona. She desired advertising material,
to further her utilization of the defend-
ant's meat products in her cafe in a
near-by small city. For the purpose of
selecting advertising material she was
conducted by an employee of the defend-
ant to the second floor of the defendant's
building. They proceeded to the second
floor by a stairway. Where the stair-
way entered the second floor, the floor
level at the entrance was some 12 inches
lower than the part of the second floor
where the advertising materials were
lying on one or more tables. There was
a ramp leading from the lower to the
higher level of the second floor. The
parties ascended that ramp, spent some
ten or fifteen minutes on the higher lev-
el, examining and selecting desired
pieces of the advertising material. The
appellant's brief narrates the ensuing
events as follows:

* * * plaintiff and defendant's
employee started back to the stairway
by the shortest direction, which would
cause one to traverse from the second
to the first level by stepping off the
side of the ramp rather than walking
down the ramp from the top. Unfor-
tunately plaintiff twisted her body as
she stepped down to the ramp with
her right foot thereby sustaining in-
juries.

---

* Senior Judge, United States Court of Claims, sitting by designation.

234

The trial court found that the presence of the split-level floor and the surrounding conditions, including the lack of a rail or guard at the edge of the upper floor level, the absence of any written or oral warning of the split-level condition, the fact that there were reasonably inexpensive ways in which the danger of accident could have been eliminated presented an unreasonable risk of harm to the plaintiff, and that the defendant had failed to exercise reasonable care to protect the plaintiff from the danger of such harm.

When there is added to the conditions described by the trial court, the events narrated by the defendant in its brief in this court, we have a situation which exposed the plaintiff, a first-time business invitee to this part of the defendant's building, to an unreasonable risk of harm, and in addition we have affirmative conduct by the defendant's agent which aggravated that risk. When the ascent was made to the upper level where the advertising materials were to be seen, the defendant's employee preceded the plaintiff up the stairway, across the second floor to the bottom of the ramp, up the ramp to the higher level of the second floor, and to the tables. Then, after some ten or fifteen minutes of animated discussion and selection of advertising materials, with both parties having their hands full of the selected materials and with at least the visitor continuing the conversation, the descent was begun. The employee again led the way, but he took a shortcut off the side of the ramp, to go directly to the entrance to the stairway leading to the first floor. This step down, with one foot on the sloping ramp and the other reaching for the floor below, twisted the plaintiff's body and caused her injuries. It was inconsiderate of the defendant's employee to lead the plaintiff by a shortcut without guidance or even a warning of possible danger.

The defendant urges that the situation was obvious and hence the defendant was not negligent in inviting the plaintiff into it. The plaintiff quotes from a leading text, as follows:

> On the other hand, the fact that a condition is obvious—i.e., it would be clearly visible to one whose attention was directed to it—does not always remove all unreasonable danger. In one line of cases, people * * * are likely to have their attention distracted as they approach it * * *.

2 Harper and James, The Law of Torts, § 27.13. In Murphy v. El Dorado Bowl, Inc., 2 Ariz.App. 341, 409 P.2d 57 (1965) the Court cited with approval § 343 A, Subsection (1), of Restatement of Torts, Second, which says:

> Known or Obvious Dangers.
>
> (1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Every case involving the question of whether a condition existing on land presents an unreasonable risk of harm to an invitee to that land is, almost necessarily, a unique case, so far as its facts are concerned. The decision of the trier of fact, if supported by substantial evidence, should mark the end of the litigation. We do not, therefore, discuss the numerous precedents cited by the parties on the question of liability. As to the questions relating to damages, they too are questions of fact, and we would have no valid reason to disturb the trial court's determination.

The judgment is affirmed.