409 P.2d 57

**Edward J. MURPHY, Appellant,**

v.

**EL DORADO BOWL, INC., a corporation, Appellee.***

**No. 1 CA–CIV 82.**

Court of Appeals of Arizona.

Dec. 21, 1965.

———————

Moore, Romley, Kaplan, Robbins & Green, by Philip A. Robbins, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank, Nathan Holt, John C. Hover, Phoenix, for appellee.

JOHN A. McGUIRE, Superior Court Judge.

This case is a damage suit for injuries received by the plaintiff while he was bowling at defendant's bowling alley. That the plaintiff was a regular paying patron of defendant was admitted. The defendant denied negligence. The trial court, at the conclusion of the trial, directed a verdict for defendant and refused a new trial. This appeal is taken from the judgment and the denial of the new trial.

It clearly appeared that the bowling alley had 24 lanes and that immediately adjacent to a portion of lane 24, used by patrons in approaching the foul line, the floor was

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8112. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

lower than the surface of the lane. This condition was easily observable, obvious and well known to both plaintiff and defend- ant. One of the exhibits in evidence, a photograph of the bowling alley, is repro- duced in part, and accompanies this opinion.

The plaintiff was assigned lane 24 on which to bowl and after having delivered the ball he straightened up and turned to his right, meanwhile looking down the lane over his left shoulder, watching the ball to see how many pins it would hit. He took one step with his right foot and then started to take a step with his left foot which went over the drop-off causing the plaintiff to fall and sustain a fracture.

While the trial court was not required to make findings of fact and conclusions of law in a matter of this kind it did in fact do so. The key finding is as follows:

"4. That plaintiff knew of the existence of the recessed walk-way, that the same was apparent and obvious to the plaintiff, and that plaintiff knew there was danger of injury to a person who would fall into the recessed walk-way."

The court reached the following conclusions:

"2. That there was no duty owing to plaintiff by defendant in regard to the condition of the recessed walk-way by reason of plaintiff's knowledge of such condition and the fact that the same together with the danger created thereby was apparent and obvious to the plaintiff.

"3. That the evidence presented by plaintiff did not constitute a showing of negligence on the part of the defendant."

The defendant relies upon the rule laid down in Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993 (1951) in the second paragraph of the syllabus, which is in these words:

"2. Negligence

There is no liability for injuries from dangers that are obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant."

In that case the facts were such that the rule would apply without qualification or modification. However, our Supreme Court has not held that the mere fact that a condition is "open and obvious" means that it is not unreasonably dangerous. The court held in the case of Cummings v. Prater, 95 Ariz. 20, 26, 386 P.2d 27, 31 (1963), decided since the trial of this case:

"One of the tests used in determining whether a condition is unreasonably dangerous is whether it is 'open and obvious' or as it has been better put:

'If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight.' Harper and James, supra. Sec. 27.13.

"Of course, the bare fact that a condition is 'open and obvious' does not necessarily mean that it is *not* unreasonably dangerous. Harper and James, 27.13. The open and obvious condition is merely a factor to be taken into consideration in determining whether the condition was unreasonably dangerous."

In the case at bar the very business for which the plaintiff was invited to enter defendant's premises was the playing of a game of athletic skill. What might be perfectly obvious to a person walking normally is likely to be forgotten by a contestant in the excitement of a game.

There is evidence that the desk clerk employed by El Dorado Bowl spoke to plaintiff immediately after the accident. Plaintiff testified that the clerk stated that he had "been expecting some accident of this nature to happen", that he had been "fearful such an accident would happen" and that he had "warned the management on several previous occasions that the condition should be corrected."

Recovery has been permitted in cases where a plaintiff was aware of the danger but momentarily forgot it. Andre v. Allynn, 84 Cal.App.2d 347, 190 P.2d 949 (1948), Southern Pac. Co. v. McCready, 9 Cir., 47 F.2d 673 (1931), Mosheuvel v. Dis-

**344**

trict of Columbia, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170 (1903).

█ While not controlling, it is interesting in this case to note that the American Law Institute published the second edition of The Restatement of Torts in 1965 and deleted therefrom Section 340. Section 343 has been modified and now reads as follows:

"Dangerous Conditions Known to or Discoverable by Possessor

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or *will fail to protect themselves against it,* and

"(c) fails to exercise reasonable care to protect them against the danger." (Emphasis added)

"343A has been added. Subsection (1) thereof provides as follows:

"Known or Obvious Dangers

"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

█ There was no reason connected with the game which required the alley to be constructed in the manner in which it was. The walkway could have been built flush with the area in which the bowlers stood as far as the foul line and then sloped down from that point. Whether the presence of the walkway in its condition was negligence is a question upon which reasonable minds could differ and the question therefore should be left to the jury.

The judgment and order denying the motion for new trial are reversed and the case is remanded for a new trial.

STEVENS and DONOFRIO, JJ., concur.

NOTE: Judge James Duke Cameron having requested that he be relieved from the consideration of this matter, Judge John A. McGuire was called to sit in his stead and participate in the determination of this decision.