463 P.2d 125

**The STATE of Arizona, Appellee,**

v.

**Ronald Lee HILL, Appellant.**

**No. 2 CA–CR 190.**

Court of Appeals of Arizona.

Division 2.

Dec. 31, 1969.

Rehearing Denied Jan. 27, 1970.

See also, 10 Ariz.App. 599, 461 P.2d 168.

Gary K. Nelson, Atty. Gen., by Carl Waag, Phoenix, for appellee.

Edgar M. Read, Tucson, for appellant.

HATHAWAY, Judge.

The defendant was tried for and convicted of obstructing justice in violation of A. R.S. § 13–541, as amended.[1] At the preliminary hearing, the defendant was also charged on two counts of simple battery. The parties stipulated that the two simple battery counts could be tried together with the preliminary hearing and that the evidence adduced at the trial of the misdemeanor charges and at the preliminary hearing would apply and be admissible in both cases. The defendant was found guilty by the Justice of the Peace on the two counts of simple battery and he was bound over on the charge of obstructing justice. The charges all arose out of the following situation:

Around 10:30 in the morning of November 2, 1967, the defendant was arrested in the living room of his home in Tucson by two City Policemen. The arrest was made without a warrant on the basis of the police officers' information furnished by another police officer, Henry Sherwood. On November 1st, Officer Sherwood was informed by an unidentified witness that he had observed three Negro men acting in a suspicious manner around a Corvette motor vehicle. Sherwood proceeded immediately to investigate and, in a matter of seconds, approximately a block to a block and a half away from where he had been informed of the suspicious activity, he spotted three Negro men. One of them appeared to have something under his coat, which was later discovered to be a Muntz stereo tape unit. While further investigation ensued, which revealed that the unit had been stolen from the Corvette, the three suspects fled.

On the following morning, November 2nd, Officer Sherwood identified the defendant to the arresting officers from photographs. The arresting officers were directed by a superior officer, "to go get him." Prior to placing the defendant under arrest in his residence, the arresting

1. § 13–541 states in part:
"§ 13–541. Resisting, delaying, coercing or obstructing public officer; punishment.
A. A person who attempts by means of any threat or violence to deter or prevent a public officer from performing any duty imposed upon the officer by law, or who wilfully resists, delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office, or who knowingly resists by the use of force or violence the officer in the performance of his duty, * * *."

officers asked him if he had been stopped by a police officer the day before. The defendant denied that he had been and he was then placed under arrest for grand theft and burglary. Having been informed three times that he was under arrest and would have to go, Hill told the officers that, "You * * * aren't taking me anywheres." He then ran down the hallway in the house where scuffling took place. He threw a chair at the officers but there is no testimony that it hit anybody. He was finally subdued and placed in handcuffs.

At the combination preliminary hearing and trial on the two simple battery charges, Officer Muhl testified that he "* * * hit me over the left eye, breaking my glasses and knocking me to the floor." The defendant also struck Officer Sulzbach during the scuffle. Evidence of these two batteries was not presented during the trial for obstructing justice.

On appeal, the defendant first contends that the Arizona "double punishment" statute bars prosecution for the charge of obstructing justice when he had been previously convicted of battery, since both offenses arose out of the same transaction and the subsequent conviction constitutes double jeopardy. The Arizona "double punishment" statute provides:

"A.R.S. § 13-1641. Different punishments for same offense; limitation and bar.

An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

■ Battery and obstructing justice differ significantly in their components. Force directed against the person of another, as was accomplished by the defendant in striking the arresting officers, is not necessary in the obstruction of justice. The record is clear that the conviction for obstruction of justice was not based upon the batteries perpetrated by the defendant, since evidence of those batteries was not presented at the trial. Each separate act of battery gave rise to criminal prosecution for each offense. State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954). The time span in which the acts were committed is immaterial, as long as the state can prove each act was composed of the necessary criminal elements. State v. Boag, 104 Ariz. 362, 453 P.2d 508 (1969). The defendant's efforts in resisting the officers' attempts to arrest him, his refusal to submit to lawful arrest, and his attempted flight and hurling of a chair at them, as disclosed by the evidence, supports the obstructing justice conviction. Justice may be obstructed with or without battery. The batteries were separable offenses and were prosecuted as such. State v. Enriquez, 104 Ariz. 16, 448 P.2d 72 (1969); State v. Hill, 104 Ariz. 238, 450 P.2d 696 (1969). In support of his contention that the subsequent prosecution is barred because it arose out of the same transaction for which he had already been prosecuted, defendant cites State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960); and State v. Counterman, 8 Ariz.App. 526, 448 P.2d 96 (1968). We do not believe that either of these cases preclude separate prosecutions for distinct offenses arising out of the same general course of conduct.

Our Supreme Court has held that A.R.S. § 13-1641 prevented double punishment for crimes having identical components and arising out of the same transaction. State v. Green, 98 Ariz. 254, 403 P.2d 809 (1965) (burglary and rape); State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960) (burglary and theft); State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960) (possession of narcotics, sale of narcotics and possession incidental to sale as included); State v. Jacobs, 93 Ariz. 336, 380 P.2d 998 (1963) (kidnapping with intent to rape and rape).

■■ The crimes of simple battery and obstructing justice do not have identical components. In obstructing justice one

may also engage in a melee of assault, battery, mayhem and murder. Each act gives rise to prosecution for the crime involved. State v. Boag, supra. The state may not, however, rely on one act to support multiple convictions of crimes of identical components. State v. Harvey, 98 Ariz. 70, 402 P.2d 17 (1965) (contributing to delinquency of minor conviction barred subsequent rape prosecution based on same act). In the case before us the same acts were not relied upon for more than one conviction. The state was careful to avoid evidence of the batteries in the obstructing justice prosecution.

■ Defendant further contends that the trial court should have granted his motion to direct an acquittal on the grounds that the state failed to prove a prima facie case on the issue of probable cause for the arrest of the defendant without a warrant. Their knowledge of Officer Sherwood's investigation and discovery of the theft, the flight of the defendant and his companions, and the identification from a photograph of defendant to the arresting officers by Sherwood furnishes ample probable cause for the warrantless arrest.[2] State v. Hill, 10 Ariz.App. 599, 461 P.2d 168 (1969), filed November 18, 1969.

■ The final question deals with the trial court's refusal to give an instruction requested by the defendant. The instruction is not set forth in the appendix to appellant's brief as required by Arizona Supreme Court Rules 5(b), 10, 17 A.R.S. (as amended), and we therefore decline to consider this question. State v. Madden, 104 Ariz. 111, 449 P.2d 39 (1969).

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

2. A.R.S. § 13–1403 as amended 1967, states in part:
"Arrest by officer without warrant.
A peace officer may, without a warrant, arrest a person:
\*   \*   \*   \*   \*
3. When a felony has in fact been committed, and he has probable cause to believe that the person to be arrested has committed it.
4. When he has probable cause to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it."