494 P.2d 777

**Al Joseph HOEFFEL and Bernadette Hoeffel, husband and wife, Appellants,**

**v.**

**Zeph B. CAMPBELL, Jr., Appellee.**

**No. I CA–CIV 1347.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 20, 1972.

Rehearing Denied April 19, 1972.

Review Denied June 13, 1972.

Allen, McClennen & Fels, by Paul M. Joyce, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H. Westover, and Richard McC. Shannon, Phoenix, for appellee.

HAIRE, Presiding Judge.

This appeal requires that the Court consider the geographic boundaries of the area that establishes the standard of care in a medical malpractice action. The plaintiffs-appellants challenge the propriety of the trial court's jury instructions on this issue, which limited the area to Phoenix, Arizona, and assert that the alleged instructional error was a significant cause of the jury's rendering a defense verdict.

■ Initially, appellee calls to the Court's attention the fact that the challenged and requested jury instructions have not been set forth *in haec verba* in an appendix to appellants' brief as required by Rule 5(b) 10, Rules of the Supreme Court.[1] This Court and the Arizona Supreme Court have held many times that under such circumstances the reviewing court has no obligation to consider the alleged instructional error. State v. Hill, 11 Ariz.App. 230, 463 P.2d 125 (1969); State v. Madden, 104 Ariz. 111, 449 P.2d 39 (1969); Dykeman v. Ashton, 8 Ariz.App. 327, 446 P.2d 26 (1968); Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968). The Court does note that the instructions were set forth *in haec verba* in the abstract of record and that pursuant to written motion the appellants did include the challenged

instructions in an appendix to its reply brief after appellee's answering brief had pointed out appellants' failure. Under the facts of this case the Court has determined that, notwithstanding appellants' failure to comply with Rule 5(b) 10, it will consider the alleged instructional error.

This case arose out of post-operative complications that developed after the defendant, Dr. Campbell, a specialist in gynecology, performed a vaginal hysterectomy upon plaintiff, Mrs. Hoeffel. The evidence revealed that after the initial surgery Mrs. Hoeffel developed an abdominal abscess which was subsequently removed in a second operation. The plaintiffs alleged that Dr. Campbell was negligent in rendering post-operative care to Mrs. Hoeffel, by failing to use a proper degree of skill and care in his diagnosis of the symptoms of the formation of the abscess, and in his treatment of the abscess after its discovery.

The only expert medical evidence presented by the plaintiffs consisted in the reading of the deposition of Dr. Arthur Footer, a gynecologist who practices in Oakland, California. It was his testimony that Dr. Campbell was negligent in three respects which are somewhat factually interwoven: (1) in not performing a bimanual digital examination as part of his post-operative care of Mrs. Hoeffel; (2) in not determining the cause of a fever that Mrs. Hoeffel developed immediately after the first operation by using a catherized urine specimen; and (3) in not attempting to drain the abscess through the vagina after its discovery. It was alleged that the failure by Dr. Campbell to utilize these procedures resulted in a prolongation of the infectious condition which in turn led to the formation of the abscess and necessitated the removal of Mrs. Hoeffel's ovaries, fallopian tubes and a portion of her colon. A contention was also made that an aggravation of Mrs. Hoeffel's

[1.] Rule 5(b) 10, Rules of the Supreme Court, 17 A.R.S., reads as follows:
"10. Instructions given or refused, of which a party complains or relies on, shall be set forth in haec verba in the appendix to the brief."

preexisting rheumatoid arthritic condition resulted from the post-operative infection.

Several specialists in gynecology who practice in the Phoenix area testified for the defense. They agreed that under the circumstances shown by the evidence a failure to perform a bimanual digital examination as part of the post-operative care of a hysterectomy patient would be contrary to the standard of care required of a gynecologist practicing in Phoenix, Arizona. The evidence on whether this had been done was in conflict. Dr. Campbell himself testified that this was a required procedure and asserted he had utilized it. Mrs. Hoeffel, on the other hand, testified that it was not done. The Phoenix doctors found no other possible departures from the standard of care of specialists in gynecology practicing in the Phoenix area.

■ The question presented for consideration is whether the trial court erred in instructing the jury that the standard of care required of Dr. Campbell was limited to that of other specialists in gynecology *practicing in Phoenix, Arizona.* The appellants contend that the instruction should have included Phoenix *or a similar community.*

The only Arizona decision that has squarely ruled on this issue limited the geographic area to that of the city in which the malpractice occurred. Fiske v. Soland, 8 Ariz.App. 585, 448 P.2d 429 (1968). In Fiske Division 2 of this Court was critical of the rule prohibiting the inclusion of similar communities in such an instruction, but the court felt bound by the Arizona Supreme Court's ruling in Boyce v. Brown, 51 Ariz. 416, 77 P.2d 455 (1938). The Arizona Supreme Court has subsequently rendered an opinion which undermines the holding in Fiske. In Maricopa County v. Cowart, 106 Ariz. 69, 471 P.2d 265 (1970), the Supreme Court cites Boyce v. Brown, *supra,* for the proposition that the standard of care includes similar communities in an analogous tort situation. *See also* Kreisman v. Thomas, 12 Ariz.App. 215, 469 P.2d 107 (1970). The most re-

cent expression from the Arizona Supreme Court regarding this question is found in an order issued February 23, 1972, in Kronke v. Danielson, Arizona Supreme Court No. 10778. The pertinent text of that order reads as follows:

". . . it is ORDERED that the Honorable Morris Rozar is prohibited from excluding the testimony of Dr. Peter Rocovich concerning the standards of medical practice as to specialists in the field of neurosurgery, and said Judge is further prohibited from requiring that the party offering a medical expert establish that such expert has a specific knowledge of the standard of care in the community in which the defendant practices his speciality.

"For the guidance of the trial court the foundation required before a medical witness may qualify to express an opinion as to the standard of care required is that the party offering the witness establish the educational and professional qualifications of the witness in medicine or surgery, and further establish the familiarity of the witness with the standard of care imposed on physicians or surgeons in the same type of speciality practice as the defendant.

"The rule applies to cases in which the defendant holds himself out as a specialist in a particular field of medicine or surgery.

\* \* \* \* \* \*

"A formal written opinion will follow."

This order indicates that an instruction which limits the medical specialty standard to the "same community" is definitely too restrictive, and that a "similar communities" instruction also may be too restrictive. Inasmuch as the order indicates that the Supreme Court contemplates the issuance of a formal written opinion elaborating upon the question involved, we will not go into the matter further except to say that in our opinion, under the facts of this case, the trial court erred in restricting the standard of care to that of other specialists in gynecology practicing in Phoenix, Arizona.

We must now determine whether this error requires reversal. Concerning the claim that defendant violated the required standard of care in not performing a bimanual digital examination, we note that all of the medical witnesses agreed, including plaintiffs' expert witness and the defendant, that the applicable standard of care, whether it be Phoenix, Oakland, or a national standard, required such examination. Thus, as to this point the question presented to the jury was not one concerning the applicable standard of care, but rather whether the examination was actually done. Dr. Campbell testified that he performed such examinations and Mrs. Hoeffel claimed that he did not. In returning its verdict for Dr. Campbell the jury found against Mr. Hoeffel on this issue.

Plaintiffs' expert, Dr. Footer, also stated that in his opinion the defendant deviated from the required standard of care in not determining the cause of a fever developed by Mrs. Hoeffel during her first hospitalization. Appellee's answering brief points out that this opinion of plaintiffs' expert was based upon an inaccurate statement of facts in the hypothetical question presented to him relating to the manner in which a urine sample was collected, and that in response to cross-examination plaintiffs' expert agreed that one of the proper methods was the "clean catch" method which the evidence reveals was the precise method here utilized. Plaintiffs in their reply brief neither respond to this argument nor cite the Court to any transcript reference which would show that defendant has misstated the evidence. Under such circumstances the Court is under no obligation to search the transcript to determine the accuracy of the defendant's statement of the facts. Tovrea Land & Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966). We therefore find no error as to plaintiffs' second contention.

Defendant has also made transcript reference to facts which would indicate that no prejudicial error arose as to the third alleged deviation from the required standard of care asserted by plaintiffs' expert witness, and likewise plaintiffs have not responded in any way with argument or transcript reference which would refute defendant's contentions. We therefore find no prejudicial error as to this third contention. We might state that from our examination of the record it appears that plaintiffs' expert's testimony relating to deviation from the required standard of care was so interwoven with the above-discussed erroneous factual assumption that no prejudicial error could have arisen from the challenged instruction.

One further contention urged by plaintiffs must be considered. They contend that the trial court erred in refusing to give plaintiffs' jury instruction concerning the situations in which a jury may use lay standards in finding malpractice. Plaintiffs contend that the facts show a gross disregard by Dr. Campbell of Mrs. Hoeffel's complaints of abdominal pain following the operation, thus making this a case in which malpractice could be found in the absence of any medical testimony, citing Revels v. Pohle, 101 Ariz. 208, 418 P.2d 364 (1966). We disagree.

In our opinion matters such as the symptoms resulting from and following a vaginal hysterectomy, and the type of treatment which should be given based upon the symptoms evidenced by Mrs. Hoeffel, as well as the question of the competency of the defendant's diagnostic skills under such circumstances, are not of such common knowledge as to come within the Revels v. Pohle doctrine. Such matters can only be established by expert medical testimony. The facts in this case are more analogous to the fact situation involved in Kleinman v. Armour, 12 Ariz.App. 383, 470 P.2d 703 (1970). In that case we fully discuss the Revels v. Pohle doctrine and found it inapplicable.

The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.