501 P.2d 20

**MERCANTILE NATIONAL LIFE INSURANCE COMPANY, Appellant,**

v.

**Frank B. VILLALBA, Appellee.**

**No. 2 CA–CIV 1220.**

Court of Appeals of Arizona, Division 2.

Sept. 26, 1972.

---

William W. Anderson, Scottsdale, for appellant.

Richardson, Mortensen & Greenhalgh, by Irval L. Mortensen, Safford, for appellee.

HOWARD, Judge.

The record indicates that the trial court struck appellant's answer and entered a default judgment. The facts of the case are not important at this date since the record clearly demonstrates two cogent reasons why this case should be affirmed.

We first note that appellant filed no motion in the trial court under Rule 55(c), Rules of Civil Procedure, 16 A.R.S., to set aside the default judgment. There is no doubt that this requirement must be met prior to an appeal from a default judgment. Byrer v. A. B. Robbs Trust Co., 105 Ariz. 457, 466 P.2d 751 (1970); Horne v. Superior Court, 89 Ariz. 289, 361 P.2d 547 (1961).

If this were not enough, we also note that appellant's brief does not comply with the requirements of Rule 5(b) 9, Rules of the Supreme Court, 17 A.R.S.

This rule requires that the briefs contain: "An argument exhibiting clearly the points of fact and of law to be presented and *citing the authorities relied upon in support thereof*." (Emphasis added.) That part of appellant's brief entitled "Argument" contains less than three hundered words. It contains two citations of so-called "authority." One of its authorities is a recitation of the rule of civil procedure relied on by the appellee to strike appellant's answer in the trial court. The other authority is the reference to 71 C.J.S. Pleadings, § 559 (1951). Appellant does not suggest in a satisfactory manner how this authority is applicable to the case at hand.

We are not given the benefit of any decision from this jurisdiction or any other jurisdiction on the points raised in appellant's brief. In State v Turovh, 3 Ariz. App. 252, 413 P.2d 583 (1966) this court stated that the adversary system of dispensing justice is effective only in the event that there is substantial advocacy and effort on both sides of the question to be judicially determined. We would further note that if counsel can find no authority with which to support an appeal he ought save the appellate courts of this state a great deal of time and effort by not filing an appeal.

Although the requirements of an appellant's brief have been relaxed as to formalities by recent amendments to the rules of the Supreme Court, eliminating the necessity for assignments of error and propositions of law, there has been no relaxation of the requirements contained in Rule 5(b) 9, Rules of the Supreme Court, 17 A.R.S.; State v. Turovh, supra.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.