501 P.2d 453

Scott W. **ANDERSON** et al., Appellants,

v.

Efren L. **GOBEA** and Patricia Gobea, husband and wife, and Desert Guild, Inc., Appellees.

No. 2 CA–CIV 1141.

Court of Appeals of Arizona, Division 2.

Oct. 4, 1972.

As Amended Oct. 17, 1972.

Rehearing Denied Nov. 24, 1972.

Review Denied Jan. 2, 1973.

Robertson, Molloy, Fickett & Jones, P. C. by Michael J. Monroe and Michael J. Meehan, Tucson, for appellants.

Everett & Bury, P. C., by David C. Bury, Tucson, for appellees Gobea.

Estes & Zlaket by Thomas A. Zlaket, Tucson, for appellee Desert Guild, Inc.

HOWARD, Judge.

This is a suit for money damages, arising out of a two-vehicle intersection collision, brought by appellant Scott W. Anderson on behalf of himself and his minor children, Steven Anderson and Gregory Anderson, who were occupants of his car at the time of the collision.

At approximately 8:30 on the morning of January 28, 1970, a collision occurred in the uncontrolled intersection of North Martin Avenue and East Waverly Street in Tucson, Arizona, between the vehicles driven by Scott W. Anderson and Efren L. Gobea. Appellee Gobea was driving his own automobile but was hauling a large air compressor mounted on a trailer which his employer, appellee Desert Guild, Inc., had rented the day prior to the collision.

After the conclusion of plaintiff's evidence, the court directed a verdict in favor of Desert Guild, Inc. The jury returned a verdict of sixteen dollars in favor of the minor children and against the appellees Gobea, and a verdict in favor of the Gobeas and against appellant Scott W. Anderson.

Appellants present the following questions: (1) Did the court below improperly grant the motion for directed verdict in favor of Desert Guild, Inc.? (2) Was the finding by the jury of contributory negligence on the part of Scott W. Anderson against the clear weight of the evidence? (3) Was the court's instruction to the jury on contributory negligence improper due to its failure to provide appellants with equal protection of the law, and its violation of Article 18, § 5 of the Arizona Constitution, A.R.S.?

THE NEGLIGENCE INSTRUCTION

On the issue of contributory negligence the instruction given by the court followed the guidelines of Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), the pertinent part thereof reading as follows:

". . . Thus, if you find that both plaintiff and defendant were guilty of negligence and the negligence of both contributed to the injury or damage sustained by the plaintiff, you are instructed that your verdict *should be* for the defendant . . .." (Emphasis added)

Appellants now claim the use of the word "should" to be fundamental error. This contention is based upon the case of Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970) which appellants claim has effectively overruled the "should" instruction.

The court in *Heimke* said:

"Under the language of Article 18, § 5, that the defense of contributory negligence shall at all times be left to the jury, the trial court cannot direct a verdict even though the plaintiff's negligence is undisputed, and *the trial court must not, directly or indirectly, tell the jury that it shall return a verdict compatible with the law of contributory negligence* as declared by the court. While the jury should be instructed as to the law of contributory negligence, so that it may apply the defense if it sees fit, *the court cannot peremptorily require the jury to follow such instructions* in arriving at a verdict in the case. . . ." (Emphasis added) 106 Ariz. at 30, 470 P.2d at 111.

To further buttress their argument that Heimke v. Munoz, supra, outlaws the "should" instruction, appellants point to the law notes in 13 Arizona Law Review, 560 (1971), wherein the writer asserts that Heimke v. Munoz, supra, effectively overrules the "should" instruction.

In our opinion both the Law Review writer and appellants read too much into the case of Heimke v. Munoz, supra. That case merely reasserts the Layton v. Rocha doctrine that the trial court must not directly or indirectly tell the jury that it *shall* return a verdict compatible with the laws of contributory negligence and cannot peremptorily require the jury to follow such instructions on the issue of contributory negligence in arriving at its verdict. The use of the word "should" does not mandate the jury to return a verdict compatible with the law of contributory negligence. Rather, it gives the jury the right to opt against contributory negligence if it feels so disposed.

THE FINDING OF CONTRIBUTORY NEGLIGENCE

Appellants claim that the finding by the jury of contributory negligence on the part

of appellant Scott W. Anderson was clearly against the weight of the evidence. We have examined the trial transcript on this issue and find this argument to be without merit.

## SCOPE OF EMPLOYMENT

In the most serious issue raised by this appeal, appellants contend that the court erred when it granted a directed verdict in favor of appellee Desert Guild, Inc. at the close of appellants' case in chief. On appeal, as it did in the trial court, Desert Guild, Inc. relies upon the "going and coming to work" rule to justify non-imposition of liability.

■ Appellants claim that Desert Guild, Inc. is liable for their injuries under the doctrine of *respondeat superior*. The doctrine of *respondeat superior* which imposes liability upon the master for the acts of his servants committed in the course or within the scope of their employment, is based on considerations of public policy, convenience and justice. It is elementary that everyone in the management of his affairs shall so conduct them as not to cause an injury to another, and if he undertakes to manage his affairs through others, he is bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority. This basic principle has been embodied in the Restatement (Second) of Agency § 219 (1958) and was followed by this jurisdiction in Consolidated Motors, Inc., v. Ketcham, 49 Ariz. 295, 66 P.2d 246 (1937).

■ The conduct of a servant is within the scope of employment only if (a) it is the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master. Transamerica Ins. Co. v. Valley National Bank, 11 Ariz.App. 121, 462 P.2d 814 (1970); Scottsdale Jaycees v. Superior Court of Maricopa County, 17 Ariz. App. 571, 499 P.2d 185 (1972); Restatement (Second) of Agency § 228 (1958).

■ As pointed out in Scottsdale Jaycees v. Superior Court, supra, and Restatement (Second) of Agency § 233 comment a, the employment exists only during the time when the servant is performing or should perform the work which he is employed to do. It does not begin at the time when it is necessary for him to act in order to perform the required service. It terminates only when the master no longer has a right to control it. Although we recognize that Workmen's Compensation cases and cases arising under similar social legislation are not necessarily authority for principles giving rise to common law liability under the doctrine of *respondeat superior*, Throop v. F. E. Young & Company, 94 Ariz. 146, 382 P.2d 560 (1963), there are instances when the principles are particularly apropos and can be invoked.

■ The general rule, followed by Arizona, is that hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment and for this reason in most instances are held not compensable as arising out of and in the course of the employment. City of Phoenix v. Industrial Commission, 104 Ariz. 120, 449 P.2d 291 (1969); McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968); Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Hancock v. Industrial Commission, 82 Ariz. 107, 309 P.2d 242 (1957); Sendejaz v. Industrial Commission, 4 Ariz.App. 309, 420 P.2d 32 (1966).

The "going and coming" rule is subject to exceptions, Sendejaz v. Industrial Commission, supra, but before considering the possible application of one of the exceptions in this case, it is necessary to set forth more facts which the evidence discloses on the issue of scope of employment.

The appellee Efren Gobea was employed as a handyman and delivery man for appel-

lee Desert Guild, Inc. Desert Guild was in the process of opening a new office at the site of a former restaurant. The floor of this building contained an elevated slab of concrete block which had to be broken up in order to have the floor level for the purposes of the new office. The day prior to the accident, Mr. Gobea was told by Mr. Green, the owner of Desert Guild, Inc., that an air compressor had been rented from Erv's Rental and that Mr. Gobea should pick it up and take it to the job site. Mr. Gobea, following the orders of his employer, used his own pick-up truck to haul the air compressor, which was mounted on a trailer, from Erv's Rental to the job site and then proceeded to use the same in connection with an air hammer which he was using to break up the cement. In order to safeguard the air compressor, Mr. Gobea was told by his employer to take it with him and bring it back the next day for use on the job. Mr. Gobea, at the end of his day's work, pursuant to his employer's instructions, hooked the air compressor onto the back of his pick-up truck, drove it to his home, and parked it in the driveway.

The accident occurred the next day while he was bringing the air compressor back to the job site in accordance with the instructions of his employer.

As previously stated by the court, the "going and coming" cases must be decided on their peculiar fact situations. Strauss v. Industrial Commission, 73 Ariz. 285, 240 P.2d 550 (1952). Appellee Desert Guild has cited to us cases standing for the proposition that the mere fact that the employee is, while going to work, also carrying with him some paraphernalia of his employment does not, in itself, convert the trip into a part of the employment. Mississippi Power & Light Company v. Laney, 247 Miss. 71, 154 So.2d 128 (1963), where the employee was returning to work in his own car after the midday meal and was carrying small items of his employer's equipment; Nagy v. Kangesser, 32 Ohio App. 527, 168 N.E. 517 (1928), where the employee was in his own automobile on the way to work and had money which he had collected the previous day and was to turn in to his employer; S. & W. Construction Co. v. Bugge, 194 Miss. 822, 13 So.2d 645 (1943), where the employee was a clerk who had, pursuant to the directions of his employer, taken home papers to work on, the court stating that the fact that he had some papers with him on his way back to work was merely incidental; Gurklies v. General Air Conditioning Corp., 91 Cal. App.2d 734, 205 P.2d 749 (1949), where the employee was carrying some tools in his automobile which were used in his work and which under the terms of his employment he was required to safeguard when it was impractical to return them to his employer's premises at the end of the day; Red's Electric Company v. Beasley, 272 Ala. 200, 129 So.2d 676 (1961), where the employee at the time of the accident had in his possession some mail that belonged to his employer; Cesare v. Cole, 418 Pa. 173, 210 A.2d 491 (1965), where the employee was not directed to use his automobile in getting to work and was not carrying any necessary tools with him.

In Butler v. Industrial Commission, 50 Ariz. 516, 73 P.2d 703 (1937), and McKay v. Industrial Commission, supra, Arizona adopted the dual-purpose rule enunciated in the case of Marks' Dependents v. Gray et al., 251 N.Y. 90, 167 N.E. 181 (1929). In that case, the plumber's helper who was going to travel to a neighboring town to meet his wife, was asked by his employer to fix some faucets there, a trifling job which would not in itself occasion a trip. The employee was injured on the way. In denying compensation, Judge Cardozo announced this formula:

". . . We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. . . . The test in brief is this: If the work of the employee creates the neces-

sity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. (citation omitted) If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk." 167 N.E. at 183.

As stated in I A. Larson, The Law of Workmen's Compensation § 18.12, at 294.4 (1964), the test set forth by Judge Cardozo "when *rightly understood and applied* has never yet been improved upon."

■ Some of the decisions have construed this doctrine to be applicable only when the *primary purpose* of the trip is the employer's business, and is sometimes referred to as the "dominant purpose" test. Judge Cardozo used no such language. He said it was sufficient that the business motive was a *concurrent* cause of the trip. He then defined "concurrent cause" by saying that it meant a cause which would have occasioned the making of the trip even if the private mission had been cancelled. It must be stressed that to make this rule complete it is not necessary under this formula, that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time*. It is enough that someone, sometime, would have had to take the trip to carry out the business mission. Larson, supra, at 294.11.

■ When an employee in the course of his normal journey off the premises to and from work performs some concurrent services for his employer, the question whether the trip becomes an exception to the usual rule excluding off-premises going and coming journeys is determined by the same principle that applies to out-of-town trips under Marks' Dependents v. Gray, supra. In all such cases we start with the personal motive of either getting to work or getting

home, which would have caused the employee to take the trip in any case. The question then becomes: Was the business mission of such character or importance that it would have necessitated a trip by someone if this employee had not been able to handle it in combination with his homeward journey or journey to work?

In Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816 (1962), an employee at a remote oil drilling site was asked by his superior to take home some work papers which the superior would pick up. The court recognized a Marks' Dependents v. Gray dual-purpose exception to the usual coming and going rule in holding that the fatal injury suffered by the employee in an automobile accident en route home after work was within the scope of employment. The court noted that if the decedent had not taken the work papers home, either another employee would have done so or the superior would have had to make a special trip to the drilling site in a company car furnished to the superior. Haco Drilling Co. v. Burchette, 364 P.2d 674 (Okl.1961), was a tort case rather than a workmen's compensation case. Liability was imposed upon the employer when it was shown that his employee was, at the time of the accident, carrying ice and water to the drill site. The court pointed out that although the general rule is that a man's employment does not begin until he has reached the place of his employment and does not continue after he is gone, the case presented an exception to the general rule since not only was it anticipated that the employee's car would be used, but under the facts a particular person and his car were to carry the ice and water.

■ The facts of the instant case present a situation differing greatly from those cases where the carrying by the employee of property belonging to his employer is merely incidental. In this case it was anticipated that appellee Gobea would use his automobile in order to bring the compressor to work. He was not free to use any transportation he desired in order to

get to work. He had to use his own pick-up in order to pull the trailer. Further-more, applying the Marks' Dependents v. Gray test, it is readily apparent that had he decided he was no longer going to work for his employer, it would have had to send another employee on a special mission to secure the air compressor so that it could be used to break down the concrete and then to return it to the rental compa-ny.

The court erred in directing a verdict in favor of appellee Desert Guild, Inc.

 The judgment of the lower court is affirmed in all respects except that the judgment in favor of the appellee Desert Guild and against the minor appellants is reversed.[1]

KRUCKER, C. J., and HATHAWAY, J., concur.

1. It would appear that the recovery of a prior judgment against the servant, even without satisfaction will serve to limit the award which the plaintiff may recover thereafter against the master whose lia-bility is vicarious. Restatement, Judg-ments, § 96, comment on Subsection (1), Illustration 3; Goines v. Pennsylvania Railroad Company, 6 A.D.2d 531, 179 N.Y.S.2d 960 (1958); 50 C.J.S. Judg-ments § 757, note 27, p. 279 (1947). At the same time, such master is not bound by the prior judgment in anywise but may contest liability as well as the quan-tum of recovery. Goines v. Pennsylvania Railroad Company, supra.