520 P.2d 529

**Melvin Ray PURCHASE, a minor by his guardian ad litem, Elmer Hartwig, Appellant,**

**v.**

**MARDIAN CONSTRUCTION COMPANY, INC., an Arizona corporation, Appellee.**

**No. 1 CA–CIV 1668.**

Court of Appeals of Arizona, Division 1.

March 26, 1974.

Rehearing Denied April 25, 1974.

Review Denied May 21, 1974.

Tupper, Rapp, Salcito & Schlosser, P. A., by Daniel R. Salcito, Phoenix, for appellant.

Moore & Romley by Craig R. Kepner, Phoenix, for appellee.

## OPINION

HOWARD, Judge.

This appeal is taken from a judgment entered on a jury verdict in favor of the defendant in a suit for personal injuries. All of the grounds for reversal concern the giving of or refusal to give certain jury instructions.

Briefly, the facts are as follows. On November 18, 1968, Melvin Purchase, hereinafter referred to as appellant, fell from the fifth floor of a building under construction in Phoenix, Arizona. He was an employee of a sub-contractor who had entered into a sub-contract with appellee, the general contractor, to do the painting, texture and drywall work. Appellant's job as a texture helper was to hold the hose for the texture sprayer.

On the day in question, appellant and his co-workers were working on the north side of the building on the fifth floor. The building contained a row of apartments on the north side of the building and a row on the south side. Each apartment had a balcony and the balconies were separated from each other by a wrought iron railing. Concrete pillars ran from the ground to the top of the building at the end of the balcony and permanent guard rails were to go from pillar to pillar. However, some of these permanent railings had not been installed in order to accommodate suppliers of materials since it was easier to hoist up supplies without the wrought iron rails in place. Temporary wooden rails were supposed to be installed so as to eliminate gaps.

The texture-spraying hose was not long enough to do all of the apartments on the fifth floor. Therefore, the truck that pumped the paint was parked on the street near the middle of the building and after the workers sprayed apartments on one side, they would move the hose along the outside of the building to the other side to spray the apartments on that side. The movement along the outside of the building was required because of the pillars and the wrought iron railings separating the balconies. It was necessary to climb over each wrought iron railing and at the same time pass the hose around the outside of the pillars. The hose was extremely heavy and the nozzle portion with its paint contents weighed approximately fifty pounds.

When it was appellant's turn to carry the nozzle end of the hose, he found it necessary to hold the nozzle in his left hand, reach around the pillar and grab it with his right hand, and step over the wrought iron railing at the same time. He had accomplished this maneuver successful-

ly around one of the pillars which had permanent guard rails on either side. However, while attempting to accomplish it a second time, he fell. According to him, he was holding the nozzle in his left hand, passed it around a pillar, stepped over the railing with his right leg, lifted his left leg over the railing and grabbed the nozzle with his right hand when he fell. There was no guard railing, permanent or temporary, on the balcony to which he was transferring the hose nozzle. Although appellant denied knowledge of the nonexistence of such railing, he admitted knowing that some balconies had neither permanent nor temporary railings.

Appellant presents the following questions for review:

"1. Did the court err in refusing to give plaintiff's requested instruction with regard to contributory negligence and err in giving the Marji instructions on contributory negligence?

2. Did the court err in giving defendant's requested instruction No. 2 inasmuch as there was no open and obvious condition which existed as to the plaintiff? In the alternative, did the court err in giving instruction No. 2 without the clarifying language of Murphy v. El Dorado Bowl, 2 Ariz.App. 341, 409 P.2d 57 (1965) requested by the appellant?

3. Did the court err in giving appellees' requested instruction No. 3 regarding the defense of assumption of the risk when there was no evidence that the appellant knew of the existence of the risk and appreciated its unreasonable character?

4. Did the court err in refusing to give appellant's requested instructions No. 2, 3, 4 and 5 which would have increased the standard of care owed the appellant by the appellee and lessened the appellant's responsibility to exercise ordinary care?"

The instructions to which appellant refers have not been set forth *in haec verba* in an appendix to his brief as required by Rule 5(b) 10, Rules of the Supreme Court,

17A A.R.S. However, appellant's motion for leave to include the instructions in an appendix to his reply brief after appellee's answering brief had pointed out the omission, has been granted by the court and we will consider his claim of instructional error. See Hoeffel v. Campbell, 16 Ariz. App. 577, 494 P.2d 777 (1972).

CONTRIBUTORY NEGLIGENCE

Appellant presents a many-pronged attack on the contributory negligence instruction. However, we confine our consideration to the grounds presented below since our examination of the instructions discloses no fundamental error. The trial court gave the following instructions on contributory negligence:

"Contributory negligence is negligence on the part of the plaintiff which combining with the negligence of the defendant contributes in proximately causing the injury of the plaintiff.

If the conduct of both plaintiff and defendant was negligent and if the negligent conduct of each considered separately was the proximate cause of the accident, it is immaterial who was more negligent.

In such a case the plaintiff should not recover.

I have now given you the law and defined the various terms used in these instructions as to liability.

You are to make the following determinations:

First, you will determine whether the defendant was negligent and whether such negligence was a proximate cause of the injury.

If you find that the defendant was not negligent or that the defendant's negligence was not a proximate cause of the injury, then you must return a verdict for the defendant.

If you find that the defendant was negligent and that such negligence was a proximate cause of the plaintiff's injuries, then you will determine whether or

not the plaintiff was negligent and whether such negligence was a proximate cause of plaintiff's injuries.

If you find that the plaintiff was negligent and that such negligence was a proximate cause of plaintiff's injuries, then your verdict should be for the defendant."

Appellant complains of the court's refusal to instruct as follows:

"If you find that the defendant was negligent and that any such negligence was a proximate cause of plaintiff's injuries, then you may consider whether the plaintiff was negligent and whether such negligence was a proximate cause of plaintiff's injuries.

If you find that the plaintiff was negligent and that such negligence was a proximate cause of plaintiff's injuries, *then you may allow the plaintiff to recover or not recover as you see fit, in your sole discretion."* (Emphasis added)

As authority for this instruction, appellant cited Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970) wherein the court stated:

"This Court by a long line of decisions under a variety of circumstances has held that the purpose of Article 18, § 5 was to modify the common law by making the jury rather than the court the sole arbiter of the existence or non-existence of contributory negligence. [citations omitted]. *This includes not alone the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense."* 106 Ariz. at 28, 470 P.2d at 109. (emphasis in original)

We find no merit to appellant's contention and adhere to our holding in Anderson v. Gobea, 18 Ariz.App. 277, 501 P.2d 453 (1972), review denied January 2, 1973,

wherein we stated at p. 279, 501 P.2d at p. 455:

"In our opinion both the Law Review writer and appellants read too much into the case of Heimke v. Munoz, supra. That case merely reasserts the Layton v. Rocha doctrine that the trial court must not directly or indirectly tell the jury that it *shall* return a verdict compatible with the laws of contributory negligence and cannot peremptorily require the jury to follow such instructions on the issue of contributory negligence in arriving at its verdict. The use of the word 'should' does not mandate the jury to return a verdict compatible with the law of contributory negligence. Rather, it gives the jury the right to opt against contributory negligence if it feels so disposed."

Appellant's argument that Heimke v. Munoz, supra, impliedly overruled Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962) is without substance in the face of the later Supreme Court decision of Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971) which cited *Layton* with approval.

■ Ever since Layton v. Rocha, supra, the trial courts of this state[1] have been using the "should" instruction suggested by that case because the Supreme Court stated that "should" was permissive and not mandatory. Counsel in this case was free to argue to the jury that the word "should" as used in the instructions was permissive and meant that they could allow the plaintiff to recover or not recover as they saw fit, in their sole discretion.

■ Although the court could have given plaintiff's requested instruction, see Winchester v. Palko, 18 Ariz.App. 534, 504 P.2d 65 (1962)[2], its failure to do so did not constitute error. The Heimke v. Munoz, supra, language requested by appellant is no more than an explanation of the doc-

---

1. The Supreme Court of Arizona has laid to rest the numerous attempted variations of the "should" language by approving the contributory negligence instruction quoted in the dissenting opinion.

2. Division One of this court in *Winchester,* however, did not disagree with Anderson v. Gobea, supra, noting: "Nothing we say in this opinion is to be construed as expressing an opinion contrary to the Anderson result."

trine of contributory negligence in Arizona and was not intended to be the source of a mandatory instruction.

## INSTRUCTION ON OPEN AND OBVIOUS CONDITION

The court instructed the jury, pursuant to appellee's request, as follows:

"You are instructed that a general contractor who occupies property is not liable to an employee of an independent subcontractor or for injuries sustained by him or any condition upon the property which is obvious to the employee.

The defendant is not liable for injuries occasioned by an unsafe condition on the premises if such condition is as well known to the plaintiff as to the defendant.

You are instructed that an obvious condition is a condition which would be recognized by a reasonable man exercising ordinary perception, intelligence and judgment under all circumstances of this case."

■ Appellant objected to this instruction on the grounds that it did not correctly state the law and requested the following addition after the first paragraph of the foregoing instruction:

"The bare fact that a condition is obvious does not necessarily mean that it is not unreasonably dangerous. If you find that the condition was obvious, then such condition is merely a fact to be taken into consideration in determining whether the condition was unreasonably dangerous."

This suggested addition was denounced by this court in the case of St. Gregory's Church v. O'Connor, 13 Ariz.App. 421, 477 P.2d 540 (1970), as being a comment on the

evidence and therefore we find no error in the trial court's rejection of same.[3]

## ASSUMPTION OF RISK INSTRUCTION

■ Appellant complains that the court erred in instructing the jury on assumption of risk. The record is devoid of any objection to such instruction and he is therefore precluded from claiming error. Rule 51(a), Ariz.R.Civ.P., 16 A.R.S. Appellant cites to us Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971) as authority for his position that fundamental error preserves his right to appellate consideration. Our Supreme Court in *Chavez*, supra, denounced the format of the assumption of risk instruction as fundamental error since it was couched in mandatory language hence violative of Article 18, § 5 of the Arizona Constitution, A.R.S. We find no such flaw in the assumption of risk instruction given here and therefore deem *Chavez* inapposite.

## INSTRUCTION RE VIOLATION OF THE SAFETY MANUAL

■ The court instructed the jury:

"If you find that the defendant violated the portion of the Manual of Accident Prevention in evidence and that such violation was a proximate cause of the plaintiff's injury, you may find that such violation is evidence of negligence unless the defendant did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances."

It is difficult to understand exactly the nature of appellant's complaint with respect to this instruction. He has cited absolutely no authority to support his posi-

3. We recently held in the case of Brierly v. Anaconda Company, 21 Ariz.App. 7, 515 P.2d 34 (1973), review granted January 22, 1974, that the trial court erred in failing to give the plaintiff's requested instruction that a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the pos-*

*sessor should anticipate the harm despite such knowledge or obviousness.* We pointed out that negligence may exist even though a defect is open and obvious where the circumstances are such that there is reason to believe that it would not be discovered or become obvious to the invitee or that the risk of harm involved would not be anticipated or appreciated by the invitee.

tion thus failing to meet the requirements of appellate review. Mercantile National Life Insurance Company v. Villalba, 18 Ariz.App. 179, 501 P.2d 20 (1972). Additionally, the trial court properly refused to instruct the jury that violation of a safety rule would constitute negligence per se. Bryan v. Southern Pacific Company, 79 Ariz. 253, 286 P.2d 761 (1955).

Finding no basis for reversal, the judgment is affirmed.

KRUCKER, J., concurs.

HATHAWAY, Chief Judge (dissenting).

In Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970), it appears that our supreme court attempted to set at rest once and for all the jury's responsibility when confronted with a contributory negligence problem in Arizona. The court observed that Article 18, § 5 of the Arizona Constitution " . . . takes from the court all control of the defense of contributory negligence." Analysis was made of the grammatical structure of the constitutional provision and its history was considered, including the cases construing it. The court clearly enunciated its conclusion that the provision makes " . . . the jury rather than the court the sole arbiter of the existence or nonexistence of contributory negligence. (citing cases) This includes not alone the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense."

The instruction offered by the appellant properly instructed the jury in keeping with the guidelines laid down in Heimke v. Munoz, supra. The "should" instruction, as given, directed what the jury should do, without advising that the law gives the jury full discretion on whether or not to apply the doctrine of contributory negligence. Juries are expected to follow the instructions of the court and the court is duty bound to instruct the jury on the law applicable to the case. Arizona Constitution, Article 6, § 27.

The majority satisfies itself with the instruction given on the basis that "counsel were free to argue to the jury that the instruction meant they could allow the plaintiff to recover or not, as they see fit, in their sole discretion." Such an argument contradicts what the court would later instruct the jury they "should" do. We can hope and expect that the jury will do as the court tells them they should.

A review of the arguments which are contained in the transcript reflects that counsel for defendant made capital of the instruction given and the majority's offer to appellant that they could have argued, beyond and in conflict with the instruction given, appears hollow consolation indeed. Defense counsel's argument contained in Vol. V of the Reporter's Transcript included:

" . . . if the plaintiff himself was independently negligent and responsible for this accident, then he should not recover.

In other words, if the fall had anything to do with the negligence of the plaintiff, then he should not recover.

It doesn't have anything to do with whether or not the guard rail was in place there or whether it was not.

For those reasons, really, it doesn't make any difference. I don't think it is necessary for you to really determine or to really spend time arguing about whether or not on Friday evening when the construction company closed down, whether or not the guard rail was there, because in this case it doesn't really make any difference. RT 39 and 40.

\*    \*    \*    \*    \*    \*

Let me say to you briefly, ladies and gentlemen, that if you believe that plaintiff caused or contributed to his injury, then he should not recover. RT 55.

\*    \*    \*    \*    \*    \*

One of the areas of the law in Arizona is called contributory negligence.

Now, I will read to you what the Court will instruct you about what it means.

That is, see, if both the plaintiff and the defendant were negligent, and their negligence caused the accident, well, then, the plaintiff should not recover. That is basically it in its simpler form. That is what it means.

The Court will tell you that 'Contributory negligence is negligence on the part of the plaintiff which, combining with the negligence of the defendant, contributes in proximately causing the injury of the plaintiff.

And if the conduct of both the plaintiff and the defendant was negligent and if the negligent conduct of each considered separately was the proximate cause of the accident, it is immaterial who was more negligent.'

In such a case the plaintiff should not recover.

Contributory negligence, they are both at fault, if you are both at fault, you just wash it out, you leave the parties right where you found them in the courtroom. RT 57 and 58.

\* \* \* \* \* \*

If the plaintiff was independently negligent in failing to look or in the manner in which the hose was passed around or in any other manner, he should not recover.

I think that what you will have to say to yourself is if you are going to return a verdict for the plaintiff, was this accident in that classification where the plaintiff had nothing whatsoever to do about it? And it was all the defendant's fault, the hidden defect." RT 58.

Without going into a detailed analysis of the foregoing argument in this dissent, it is readily apparent that portions of it conflict with the law of contributory negligence in this jurisdiction. In light of the instruction given, counsel for plaintiff was powerless to effectively respond and the plaintiff was clearly prejudiced.[1]

I feel compelled to express my disenchantment with our holding in Anderson v. Gobea, 18 Ariz.App. 277, 501 P.2d 453 (1972), followed by the majority, having since reflected further on the matter. There, we held that the "should" instruction does not mandate a verdict compatible with the law of contributory negligence, but gives a jury the right to opt against contributory negligence if it feels so disposed. Since this option is given to them by law, I believe the court is duty bound to "declare the law" and so inform them. The cavalier conclusion in Anderson v. Gobea that *Heimke* ". . . merely reasserts the Layton v. Rocha doctrine . . . ." ignores the guidelines painstakingly set forth in *Heimke*. See Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967) upholding a "should" instruction where other instructions advised of the jury's sole discretion in applying the defense of contributory negligence.[2]

I believe that my colleagues are unduly presumptuous in not believing that the Supreme Court meant what it said in *Heimke*. In this connection I must concur with Division One, Judge Haire speaking for the court, when it said:

". . . we cannot assume that the Supreme Court in its Heimke opinion

1. The jury was also misinstructed on assumption of risk in the same vein.

2. In 13 Ariz.L.Rev. 556, 560 (1971) the author concludes that Heimke v. Munoz, supra, in effect overrules the "should" instruction, when given without appropriate details as to its application. On February 8, 1974, the Supreme Court of Arizona adopted the following instruction on contributory negligence, thereby embodying the guidelines of *Heimke* into the following:
"The defendant claims that the plaintiff was negligent, and that his negligence con-

tributed to cause the plaintiff's injury. Whether contributory negligence is a defense is left to you. If both plaintiff and defendant were negligent, and if the negligence of each was the cause of the injury, the plaintiff should not recover. This means that you must decide two things:
(1) Whether the plaintiff *was* contributorily negligent, and
(2) If the plaintiff *was* negligent whether his negligence should prevent a verdict in his favor."

did not mean exactly what it said." Winchester v. Palko, 18 Ariz.App. 534, 537, 504 P.2d 65, 68 (1972).

For the reasons stated, I would reverse and remand for a new trial.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).