521 P.2d 1148

**William RHIND and Regina De Lisle Rhind, husband and wife, Appellants,**

v.

**Michael J. KEARNEY, Appellee.**

**No. 2 CA–CIV 1555.**

Court of Appeals of Arizona, Division 2.

May 7, 1974.

Rehearing Denied June 5, 1974.

Review Denied June 25, 1974.

Chandler, Tullar, Udall & Richmond by D. B. Udall, Tucson, for appellants.

Philip Fahringer and O'Dowd & Diamos by Erik M. O'Dowd, Tucson, for appellee.

OPINION

HOWARD, Judge.

This appeal is taken from a judgment entered on a jury verdict in favor of plaintiff in a suit for personal injuries.

In order to dispose of the questions presented, no useful purpose would be served by detailed description of the nature of the injuries or how or where the accident occurred except that it was on a public highway. Unquestionably the evidence was such as to require an instruction on contributory negligence.

There are two questions presented by the appellants:

"1. DID THE TRIAL COURT PROPERLY INSTRUCT THE JURY ON THE CONTRIBUTORY NEGLIGENCE ISSUE?

2. DID THE TRIAL COURT COMMIT ERROR IN INTERRUPTING THE ARGUMENT OF DEFENSE COUNSEL ON THE CONTRIBUTORY NEGLIGENCE ISSUE?"

Over appellants' objection the court gave the following plaintiff's jury instruction:

"The defendant claims that the plaintiff was negligent, and that his negligence contributed to cause the plaintiff's injury. This defense of contributory negligence is left to the jury. This means you must decide two things: (1) Whether the plaintiff *was* contributorily negligent, and (2) if the plaintiff *was* negligent whether his negligence should prevent a verdict in his favor."

We believe that giving the above instruction constituted reversible error. Until the case of Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970), judges had no difficulty instructing the jury within the guidelines of Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962). After *Heimke*, resourceful lawyers took the explanatory language of *Heimke* and attempted to convert it into instructions which would lessen the blow of the doctrine of contributory negligence. These instructions, such as the one before this court, not only lessen the blow, but completely eliminate contributory negligence as a defense. *Heimke* did *not* change the law of contributory negligence in this state. It simply reiterated that it was up *to the jury* to decide whether the doctrine should apply.

Anderson v. Gobea, 18 Ariz.App. 277, 501 P.2d 453 (1972). In *Heimke* the Court says:

"  .  .  . While the jury should be *instructed as to the law of contributory negligence, so that it may apply the defense if it sees fit,* the court cannot peremptorily require the jury to follow such instructions in arriving at a verdict in the case." 106 Ariz. at 30, 470 P.2d at 111 (Emphasis added)

■ Thus, *Heimke* states that the court should instruct the jury as to the law of contributory negligence. What is the law of contributory negligence? It is a doctrine which states that it provides the defendant *with a defense* and prevents recovery if the plaintiff is also negligent and his negligence is a proximate cause of his injuries. As is stated in Prosser, Torts, 4th Ed., p. 417:

"  .  .  . the plaintiff is denied recovery because his own conduct disentitles him to maintain the action.  .  .  ."

In Arizona whether the plaintiff is disentitled to maintain the action is at all times a jury question. Thus the "should" language of Layton v. Rocha, supra, is required.

Does the instruction given in the case at bench instruct the jury as to the defense of contributory negligence? We think not. The instruction does not state the doctrine of contributory negligence. It merely tells the jury (1) to find, as a fact, whether the plaintiff was negligent and whether plaintiff's negligence was a proximate cause of his injuries and (2) to decide whether they think this negligence should prevent a verdict in his favor.

Nowise was the jury told that if the plaintiff was negligent and his negligence was a proximate cause of the injury, then he should not recover.

The instruction given in this case effectively eliminates contributory negligence as a defense. The instruction since approved by our Supreme Court on the issue of contributory negligence is as follows:

"The defendant claims that the plaintiff was negligent, and that his negligence contributed to cause the plaintiff's injury. Whether contributory negligence is a defense is left to you. If both plaintiff and defendant were negligent, and if the negligence of each was the cause of the injury, the plaintiff should not recover. This means that you must decide two things:

(1) Whether the plaintiff *was* contributorily negligent, and

(2) If the plaintiff *was* negligent whether his negligence should prevent a verdict in his favor."

We set forth this instruction because it clearly demonstrates the error of the given instruction. The approved instruction sets forth the law of contributory negligence and then explains to the jury what it must determine under the law of contributory negligence, i. e. the factual and legal issues.

Appellants have raised a second question for review which is not necessary for us to decide in view of our disposition of this case.

Reversed and remanded for new trial.

KRUCKER, J., concurs.

HATHAWAY, Chief Judge (specially concurring).

The majority is correct in its conclusion that the jury should be instructed on the law of contributory negligence. Those instructions should conform to the guidelines spelled out in Heimke v. Munoz, supra, and discussed in my dissent in Purchase v. Mardian Construction Co., Inc., 21 Ariz. App. 435, 520 P.2d 529 (filed March 26, 1974).