413 P.2d 583

The STATE of Arizona, Appellant,

v.

Dr. Walter TUROVH and Dumont Blankenship, Appellees.

No. 2 CA–CIV 145.

Court of Appeals of Arizona.

April 27, 1966.

Rehearing Denied May 25, 1966.

of the petitioners was a clinical psychologist acting in his professional capacity when the communications in question were made to him and the other petitioner was a graduate in psychology employed as an assistant to the clinical psychologist. The claim that the communications were privileged was denied by the coroner and the petitioners were remanded to the custody of the Pima county sheriff until such time as they might choose to answer the questions propounded. Thereafter petitioners secured a writ of habeas corpus from the superior court sitting in Pima county, and were discharged from custody, the lower court concluding that under the law of this state a justice of the peace while sitting as a coroner conducting an inquest has no power to punish summarily for contempt of the court.

On appeal, the appellant has filed a brief which is devoid of citation of any appellate decision. The brief contends that the power to punish for contempt was given to a coroner ' * * * by implication by A.R.S. § 13–341 and specifically granted by A.R.S. § 13–1823." The brief contains less than a thousand words, most of which are devoted to a statement of the fact situation giving rise to the appeal and in a quotation of A.R.S. §§ 13–341 and 13–1823.

We find A.R.S. § 13–341 to be a statute providing that certain conduct constitutes " * * * a crime punishable as a misdemeanor." We cannot conceive, particularly without the assistance of any decision of an appellate court leading us in that direction, that a statute defining certain conduct as a "misdemeanor" can be construed as an authority to punish summarily for contempt.

A.R.S. § 13–1823 is a section from our criminal code which provides, in part: " * * * refusal to be sworn or to testify as a witness may be punished by the court or magistrate as a contempt." We are given no assistance in determining whether such a provision from our criminal code is pertinent to the conducting of an

Darrel F. Smith, Atty. Gen., Sidney M. Rosen, Asst. Atty. Gen., Robertson, Childers, Burke & Drachman, by Lawrence V. Robertson, Jr., Tucson, for appellees.

Norman E. Green, County Atty., Carl Waag, Deputy County Atty., Tucson, for appellant.

## PER CURIAM.

This is an appeal from a judgment of the superior court entered on a writ of habeas corpus releasing from custody two persons who had been adjudged guilty of contempt of court by a justice of the peace while acting as a coroner conducting an inquest.

The petitioners had been directed by the coroner at an inquest hearing to answer questions pertaining to communications made to them by a patient at the Southern Arizona Mental Health Center, Tucson, Arizona. This they refused to do. One

inquest or in determining whether the coroner, while acting as such, is either a "court or magistrate."

The appellant also suggests that the power to punish for contempt may be within the inherent power of the justice of the peace while acting as a coroner. The appellant's brief states:

"The question of whether the justice court sitting as a coroner has *inherent* powers to find and punish for contempt, although the court has statutorily enumerated powers of that nature, is not decided in Arizona and is decided variously elsewhere."

We are not given the benefit of a decision from any other jurisdiction upon the subject nor any suggestion as to where such decisions might be found.

The requirements of an appellant's brief have been relaxed as to formalities by recent amendments to Rules of the Supreme Court, eliminating the necessity for assignments of error and propositions of law. However, there has been no relaxation of the requirement that an appellant's brief shall contain: "An argument exhibiting clearly the points of fact and of law to be presented and citing the authorities relied upon in support thereof." Rule 5(b) 9 Rules of Supreme Court, 17 A.R.S.

The question presented here is of some public interest and in denying motions to dismiss previously filed herein by the appellees we had been influenced by the belief that it would be well to answer the question presented herein. However, we are now satisfied that it would be unfair to the public interest to decide this question with no more assistance than we have received from the appellant. The adversary system of dispensing justice is effective only in the event that there is some substantial advocacy and effort on both sides of a question to be judicially determined. Here, we have had this advocacy and effort expended on only one side of the question now before us.

Accordingly, it is the order of this court that this appeal be dismissed.