514 P.2d 242

Gilbert SOTO, in his official capacity of Justice of the Peace, Precinct No. One of the County of Santa Cruz, and E. Leigh Larson, the duly elected County Attorney of the County of Santa Cruz, Appellants,

v.

Louis SOTOMAYOR, Appellee.

No. 2 CA–CIV 1403.

Court of Appeals of Arizona,
Division 2.

Sept. 21, 1973.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellants.

Soble, Cole & Meehan by Thomas Meehan, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

The sole issue of this appeal is whether justice of the peace courts have jurisdiction to hear and render judgments for violation of A.R.S. § 13–341.

The pertinent facts are as follows. On October 19, 1972, appellant Gilbert Soto, in his official capacity as Justice of the Peace, Precinct No. One of Santa Cruz County, issued a warrant of arrest for one James H. Graham, Cause No. 7340. Thereafter, on October 26, 1972, a criminal complaint (misdemeanor) was filed in the same Justice of the Peace Court against the City of Nogales Chief of Police, Louis Sotomayor, Cause No. 7342. The complaint was signed, upon information and belief, by Rudy A. Cubillas, a Deputy Sheriff of Santa Cruz County. The complaint charged appellee Sotomayor with wilfully refusing to execute the warrant of arrest, No. 7340, as ordered by the Justice Court, all in violation of A.R.S. § 13–341, Subsec. 4. Appellant Soto, believing that an offense had been committed and that Louis Sotomayor committed it, issued a warrant for the arrest of Mr. Sotomayor in Cause No. 7342.

Prior to trial of this matter, appellee, pursuant to Rules of Procedures for Special Actions, 17 A.R.S., petitioned the Superior Court of Santa Cruz County for a temporary injunction restraining prosecution of Cause No. 7342. On November 24, 1972, the superior court entered an order directing that a temporary injunction be issued enjoining appellant Soto from hearing or rendering judgment in Cause No. 7342. Appellants appeal from the issuance of this injunction.

In issuing the injunction, the court below concluded that under A.R.S. § 13–341 a justice court has no power to punish for failure to obey a process of a justice court. The court was of the opinion that a justice of the peace has no jurisdiction to punish or try a person for contempt unless the contempt is committed in the presence of

the court. On appeal, appellee similarly argues.

Appellee contends that since A.R.S. § 13-341 Subsec. 1 deals with contemptuous behavior in the presence of a "court of justice" and paragraph 4 with disobedience of process or an order issued by "a court," the contempt powers of a justice of the peace are limited to conduct committed in the presence of the "court of justice." In that the conduct of appellee was not in the presence of the "court of justice," appellee argues that Justice of the Peace Soto had no jurisdiction because a justice of the peace court is not "a court" under paragraph 4.

It appears that both the lower court and appellee's verbal gymnastics fail to recognize the issue of this case. Appellee was not being held for contempt under the provisions of A.R.S. §§ 12-861 through 865. Had that procedure been utilized, the unsettled question of the inherent contempt powers of a justice of the peace court might have been the issue. However, such is not the issue of this case and need not be decided at this time.

Here, a criminal complaint (misdemeanor) was filed by a deputy sheriff. The complaint charged appellee Sotomayor with a misdemeanor for violation of A.R.S. § 13-341 Subsec. 4, which reads:

"A person guilty of a contempt of court of any of the following kinds is also guilty of a crime punishable as a misdemeanor:

* * * * * *

4. Wilful disobedience of process or an order lawfully issued by a court."

A.R.S. § 13-341 was adopted almost verbatim from the California Penal Code § 166. In the case of In re McKinney, 70 Cal.2d 6, 73 Cal.Rptr. 580, 447 P.2d 972 (1968), the Supreme Court of California explained the nature of their statute:

" '[V]iolation of section 166 of the Penal Code is a misdemeanor and as such it is to be prosecuted in the same manner as other misdemeanors' rather than un-

der the Code of Civil Procedure for summary contempts. The jurisdiction of the justice courts over prosecutions for violation of section 166 was recognized in In re Burns, 15 Cal.App.2d 1, 58 P.2d 1318." 73 Cal.Rptr. at 584, 447 P.2d at 976.

Arizona has adopted the same construction of A.R.S. § 13-341. In State v. Turovh, 3 Ariz.App. 252, 253, 413 P.2d 583, 584 (1966), this court found ". . . A.R.S. § 13-341 to be a statute providing that certain conduct constitutes ' * * * a crime punishable as a misdemeanor.' "

Criminal jurisdiction for justice of the peace courts is set out in A.R.S. § 22-301. The pertinent provisions read as follows:

"The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:

* * * * * *

4. Misdemeanor and criminal offenses punishable by a fine not exceeding three hundred dollars, or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment."

Since A.R.S. § 13-341 does not specify punishment for such violations, we must look elsewhere to see if A.R.S. § 22-301 Subsec. 4 has been complied with.

The appropriate statute is A.R.S. § 13-1645, which states:

"Except when a different punishment is prescribed . . . an offense declared to be a misdemeanor is punishable by imprisonment in a county jail for not to exceed six months, by a fine not exceeding three hundred dollars, or both."

From reading A.R.S. § 22-301 Subsec. 4 and A.R.S. § 13-1645 together, it is clear that a justice of the peace has jurisdiction to hear and render judgments for violations of A.R.S. § 13-341.

We therefore hold that the temporary injunction was improperly issued. The

cause is reversed for further proceedings not inconsistent herewith.

HOWARD, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: HATHAWAY J., having requested that he be relieved from consideration of this matter, JACK G. MARKS J., was called to sit in his stead and participate in the determination of this decision.