FURINO *v.* CITY OF LANSING.

WORKMEN'S COMPENSATION—CITY STREETWORKER—ACCIDENT ARIS-
ING OUT OF AND IN COURSE OF EMPLOYMENT—TRANSPORTATION.
City employee engaged to work on city's streets whose regular
noon hour was from 11:30 a. m. to 12:30 p. m. and who was
injured at 11:25 a. m. while in foreman's car en route to
shed where noonday lunch had been left and usually eaten, at
a substantial distance from the place of employment, *held*,
not to have suffered an accident arising out of and in the
course of employment, there being no custom or express or
implied understanding that plaintiff was to be furnished
transportation to or from actual place of work by the city as
an incident of the employment and at the time of the accident
plaintiff had ceased his forenoon's work for the city, could
eat his lunch where he chose, and was not paid for lunch hour.

Appeal from Department of Labor and Industry.
Submitted January 2, 1940. (Docket No. 24, Calen-
dar No. 40,823.) Decided April 19, 1940.

Michael Furino presented his claim against City
of Lansing, a municipal corporation, for compensa-
tion for personal injuries allegedly sustained while
in defendant's employ. Award to plaintiff. Defend-
ant appeals. Reversed.

*Hubbard & McCullough,* for plaintiff.

*Joseph W. Planck,* for defendant.

NORTH, J. The question presented by this appeal
is whether there is any testimony to sustain the find-

ing of the department that plaintiff's injury arose out of and in the course of his employment. He was one of several employees engaged by the city of Lansing in its street work. Their regular midday hour off from work was from 11:30 a. m. to 12:30 p. m. On the day of the accident plaintiff and two of the other employees seemingly left the place where they were working very shortly before 11:30 a. m., and started in the automobile of their foreman, Henry Leeper, to go some distance to the city shed where plaintiff had left his noonday lunch. On the way Leeper's automobile driven by him came into collision with another automobile, and plaintiff's injury for which he seeks compensation resulted. According to plaintiff's testimony this collision occurred "about 11:25." But regardless of the exact minute at which the accident occurred the undisputed testimony is that it occurred after plaintiff and his two fellow employees had finished their forenoon's work and had gone a substantial distance from the place of employment. One of these fellow employees, as a witness for plaintiff, testified:

"*Q.* Were you on the city's time when the accident happened? Are you paid during the noon hour?
"*A.* No.
"*Q.* Were you on your own time?
"*A.* On our own time."

Plaintiff had previously testified:

"*Q.* Did you go back at noon to the shed?
"*A.* Yes.
"*Q.* You go back to the shed to eat?
"*A.* Yes. * * *
"*Q.* Your whole purpose, Mr. Furino, in going back to the city sheds was to get your dinner pail and eat your lunch?
"*A.* Yes."

In riding on his way to his noonday lunch with Mr. Leeper, plaintiff was in no different status than as though he had walked, "thumbed" a ride with a stranger, or taken a city bus. The accident happened after plaintiff and other employees had quit their work for the noon hour; and it happened at a point remote from plaintiff's place of employment. In the latter aspect the instant case must be distinguished from *Haller* v. *City of Lansing,* 195 Mich. 753 (L. R. A. 1917 E, 324). At the time of the accident plaintiff was doing nothing in which the city was concerned. The record shows that each of the employees on this job went where he saw fit for his noonday meal and that some of the employees ate in one place, some in another, and each chose his own method in going from and returning to the place where they were actually working. Plaintiff, like the other employees, entirely ceased performing any part of his service to the city when he left the place where he and the others had worked during the forenoon. There is no testimony in this record justifying the conclusion that the accident arose out of and in the course of plaintiff's employment.

And it conclusively appears from this record that incident to plaintiff's employment it was neither expressly nor impliedly understood he would be provided by defendant with transportation to or from the place where plaintiff ate his noonday lunch. In conveying plaintiff to the place where he was to eat, Mr. Leeper was merely doing a friendly act. *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich. 125 (L. R. A. 1916 A, 17, 9 N. C. C. A. 647). He received no pay from the city for the use of his automobile. He was not complying with any requisite either expressly or impliedly incident to plaintiff's employment by way of furnishing transportation. It is in this particular that *Konopka* v. *Jackson County Road Com'n,*

270 Mich. 174 (97 A. L. R. 552), is clearly distinguishable from the instant case. And the same may be said of *Voehl* v. *Indemnity Insurance Co. of North America*, 288 U. S. 162 (53 Sup. Ct. 380, 87 A. L. R. 245). Plaintiff testified that some of the other workmen drove their cars. Even if the testimony is construed to the effect that on some occasions plaintiff had ridden to his place of work in a city truck, still he was not being so conveyed on the occasion of the accident. At the time and place of this accident neither Leeper, as a foreman of this group of workmen, nor plaintiff were rendering any service to the city. The sole reason plaintiff happened to be riding with Leeper was because the latter in driving home to his noonday lunch drove near the city shed where plaintiff and his two fellow employees planned to eat their lunch. The record discloses that previous to this accident another employee at times had used his automobile to drive the men to the place where they worked. This was not a vehicle furnished by the city or owned or operated by foreman Leeper. There was no established custom as to furnishing employees transportation. In the record now before us there is no testimony to sustain the conclusion that the city had any part in an arrangement or agreement for plaintiff riding to or from the various places where he worked from day to day.

In numerous cases appealed to this Court on records of somewhat similar character we have held the injured employee was not entitled to compensation. See *Hills* v. *Blair*, 182 Mich. 20 (7 N. C. C. A. 409); *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916 A, 310); *Sichterman* v. *Kent Storage Co.*, 217 Mich. 364 (20 A. L. R. 309); *Lipinski* v. *Sutton Sales Co.*, 220 Mich. 647; *Morey* v. *City of Battle Creek*, 229 Mich. 650 (38 A. L. R. 1039); *Otto*

v. *Chapin*, 243 Mich. 256; *Levchuk* v. *Krug Cement Products Co.*, 246 Mich. 589.

The award entered by the department will be vacated. Costs to appellant.

Bushnell, C. J., and Sharpe, Potter, Chandler, McAllister, Wiest, and Butzel, JJ., concurred.