CHEREWICK *v.* MORRIS G. LARAMIE & SON, INC.

WORKMEN'S COMPENSATION—GASOLINE SHOVEL OPERATOR—FATAL ACCIDENT EN ROUTE TO UNLOAD SHOVEL AT NEW LOCATION—COURSE OF EMPLOYMENT—QUESTION OF FACT.

Where gasoline shovel operator was paid an hourly sum while operating the shovel and a flat sum for loading it on a trailer and unloading it at a new location and where a job was finished shortly before noon, operator ate lunch at home and while en route to new location was fatally injured in an automobile accident, question of whether he was traveling in the course of his employment or merely traveling to reach place for resumption of employment was a question of fact and Supreme Court may not disturb finding that labor was ended on completion of loading and did not commence until he started work at next location in dependents' proceeding to recover compensation (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted October 24, 1940. (Docket No. 107, Calendar No. 41,248.) Decided December 10, 1940.

Billy Cherewick presented her claim for compensation against Morris G. Laramie & Son, Inc., employer, and General Accident Assurance Corporation, insurer, for accidental death of her husband while in its employ. Award to defendants. Plaintiff appeals. Affirmed.

*John Hal Engel,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

WIEST, J. In July, 1939, Stephen Lee Cherewick was in the employ of Morris G. Laramie & Son as operator of a gasoline-operated shovel in excavating basements for buildings, and was paid $1.50 per

hour while operating the shovel and, upon completion of a job, was to load the shovel on a trailer to be taken to another job and, at the new location, be present and unload the shovel. For the work of loading and unloading the shovel he was paid the flat sum of $1.50. July 18, 1939, a job was completed shortly before the noon hour and the shovel loaded on the trailer to be taken to another job a distance of 12 miles. During such moving of the shovel Mr. Cherewick was master of his own time, went to his home, there ate the lunch he had carried with him in the morning, placed a box of tools, used in connection with the shovel, in his car, and started for the place of the new job. On his way there, at a street intersection, he met with a collision and injuries causing his death.

Plaintiff is his widow and petitioned the department of labor and industry, in her own behalf and that of her child, for a dependency award under the workmen's compensation law. Upon a hearing before a deputy commissioner, and again upon appeal to the department, it was held the accident did not arise out of and in the course of Mr. Cherewick's employment, and an award was denied.

Plaintiff reviews by appeal in the nature of certiorari, claiming the department was, in point of law, in error in so holding.

We are asked to hold the operation of the shovel, loading it, and traveling to the new location to unload were all continuous and in the course of his employment.

Whether in traveling to the new location he was in the course of his employment or merely to reach the place for resumption of his employment was a question of fact and we may not disturb the finding of the department on that point.[*]

---

[*] See 2 Comp. Laws 1929, § 8451 (Stat. Ann.' § 17.186).—REPORTER.

We quote the finding:

"The uncontradicted testimony is that he was paid $1.50 flat for loading and unloading. When the loading was completed his labor was ended and did not commence until he had started the work at the next location."

Mr. Cherewick, at the time of the accident, was going to work, and the case is no different than had he been on his way, in the morning, to resume work. See *Furino* v. *City of Lansing,* 293 Mich. 211; *Simpson* v. *Lee & Cady,* 294 Mich. 460, and cases there cited.

The denial of the award is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.