HELLER BROTHERS PACKING COMPANY, a corporation, and BITUMINOUS CASUALTY CORPORATION, a corporation, v. MRS. FERN KENDRICKS and FLORIDA INDUSTRIAL COMMISSION.

20 So. (2nd) 387                                     January Term, 1945
January 12, 1945                                          En Banc
Rehearing denied January 31, 1945

*Shackleford, Farrior & Shannon,* for appellants.
*Joseph W. Nichols,* for appellee.

CHAPMAN, J.:

This is a companion case to the case of Heller Packing Company, et al., v. Lonnie Dave Lewis, et al., this day decided. The record discloses that the truck driver Kendricks lost his life in the accident in which Lewis sustained injuries. It is true that Kendricks on this day was without lunch and voluntarily rode in the truck with Roberts and the two fruit pickers from the appellant's grove to Sunset Point and thence to Dunedin for the purpose of obtaining a lunch, and while returning to his truck at the grove was killed in an accident.

The lower court held that the deceased's injury grew out of and within the course of his employment. It is true that compensation cases, like many others, reach this Court on appeal with a presumption of correctness of the challenged order or decree and the burden under the law is cast upon the appellant to establish reversible error. Our study of the record leads to the conclusion that the deceased sustained injuries during the lunch period and at a time when he was not on duty for his employer nor within the course of his employment, but on a private mission not connected with his employment.

The distinction between this case and the companion (Lewis) suit rests upon the directions shown by the record to have been given by the appellant's foreman, Mr. Luh, to Lewis to the effect that he take the appellant's jeep and go to Sunset Point and obtain lunch. Such directions, as shown by the record, were not given to the deceased, the late Mr. Kendricks,

by the foreman. The deceased voluntarily got in the truck seat by the driver, Mr. Roberts, and was so riding when killed. See Schneider on Workmen's Compensation Law, Vol. 1 (2nd ed.) 843, par. 276.

The judgment or decree appealed from is hereby reversed.

TERRELL, BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.