■ In the Matter of the Claim of SUSAN HUBBELL, Respondent, v. MOTIF, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed January 3, 1969, which affirmed an award of death benefits to the widow of Thomas Richmond. Decedent, residing at South Glens Falls and employed as a laborer by Motif, Inc., a general construction contractor with headquarters at Latham, worked about four weeks at the Accord school between Kingston and Ellenville. On Friday, September 23, 1966, at about 4:00 P.M., while driving his own automobile from said job site towards home, he was involved in a head-on collision which caused his death. There was proof: that Richmond's employment frequently required him to be away from home; that while working on said school job he stayed at a nearby motel; that he supplied his own trans-

portation from his residence to the work locus, leaving home and traveling to Accord on Monday morning and departing for South Glens Falls on Friday nights; that he returned home on the Wednesday previous to his death for an exchange of vehicles; that, in keeping with company policy where projects were located more than one hour from Albany, decedent received $10 a day for meals and lodging expenses; that he was free to spend this sum for these purposes or not to spend it, as he saw fit, or he was free to go home at night if he desired; and that the $10 payment was not based on actual expenses incurred nor were recipients required to account. Employer's general manager testified that it was not intended that said stipend should cover travel expenses, as it was an approximation of the motel bill and an allowance for food. The board chose to determine factually that "inasmuch as the expense allowance was provided when on job assignments far away from home and entailing considerable travel, and no accounting was required as to how the money was expended, it is reasonable to conclude some part thereof could be for the extra traveling expenses the job required." Although certain testimony might yield a different deduction, substantial evidence supports the board's conclusion and the claim falls within the ambit of those decisions which hold that, where such travel is financed at least indirectly by the employer, the accident arises out of and in the course of the employment (*Matter of Fisher* v. *Otis Elevator Co.*, 28 A D 2d 598, affd. 22 N Y 2d 665; cf. *Matter of Clark* v. *Ferguson Co.*, 283 App. Div. 756). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.