508 P.2d 1160

Mary F. PAULEY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

H. A. Leavitt Attractions, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 11039–PR.

Supreme Court of Arizona, In Banc.

April 20, 1973.

Rehearing Denied May 15, 1973.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by Harlan J. Crossman, Phoenix, for respondent employer and State Compensation Fund.

STRUCKMEYER, Justice.

On petitioner's claim for compensation the Arizona Industrial Commission entered an award denying benefits. The Court of Appeals affirmed, 18 Ariz.App. 137, 500 P.2d 1125 (1972). Opinion of the Court of Appeals vacated and the award of the Industrial Commission affirmed.

Two questions are raised for our determination: the first is whether petitioner was "hired" in Arizona within the meaning of A.R.S. § 23–904, subsec. A.

Respondent employer, H. A. Leavitt Attractions, Inc., is the owner and operator of a traveling carnival whose business is conducted in the smaller communities of Arizona and California. Petitioner and her husband applied for jobs with respondent at its headquarters in Phoenix, Arizona and were accepted for employment by respondent. She filled out papers relative to income tax deductions and social security in Phoenix on May 6, 1970. On the following day, petitioner drove her husband's pickup truck equipped with a camper and her husband drove a Leavitt truck to Oakland, California. Her principal duties were that of a ticket seller, although she had others when the carnival was not in actual operation. Her first paycheck was on the 18th of May for the week commencing on Monday the 11th of May for services which were rendered in California. From this latter fact the Commission concluded that petitioner was not hired in Arizona.

We rejected this quaint notion in Knack v. Industrial Commission, 108 Ariz. 545, 503 P.2d 373 (1972). A bilateral agreement of employment is complete when there is reciprocal understanding that the offered service has been accepted. When and where performance will take place are but incidents of the employment contract. Manifestly, petitioner was hired in Phoenix, Arizona at respondent's home office.

The second question presented is whether petitioner's injury arose out of and in the course of her employment.

At Fairfield, California, about eight weeks after entering into employment with the Leavitt Company, petitioner sustained a broken ankle while crossing a ditch. Her uncontradicted testimony is that when the carnival was being set up, as on the day she was injured, she did just anything that was needed to be done, such as clean the ticket and concession stands. The evidence supports the conclusion that the Leavitt employees, twelve in number, did not have any fixed times for coffee or food breaks but that such breaks were taken as the opportunity occurred throughout the day.

On the day of petitioner's injury, she commenced work about noon. At 3:00 p. m. she went to her camper for coffee. While there, she and the Leavitts' 18-year-old daughter, who also worked for the carnival, heard the bell of an ice cream truck which was in a park adjacent to the lot on which the carnival was located. Midway between the camper and the ice cream truck was an open ditch. Petitioner and the Leavitts' daughter started to cross the ditch to buy ice cream. While crossing the ditch, petitioner slipped and suffered a fractured ankle.

From these facts, respondent concludes that petitioner had temporarily abandoned her employment for a mission of her own off the employer's premises. It is respondent's legal position that where an employee is injured going to or coming from his place of work, the accident and the resulting injuries do not arise out of or in the course of employment. This is the

rule in Arizona. Ebasco Services, Inc. v. Bajbek, 79 Ariz. 89, 93, 284 P.2d 459, 462 (1955); Serrano v. Industrial Commission, 75 Ariz. 326, 329, 256 P.2d 709, 710 (1953); Butler v. Industrial Commission, 50 Ariz. 516, 521–522, 73 P.2d 703, 705 (1937).

Petitioner, however, urges that the case should not be controlled by the going and coming rule but rather by what has generally become known as the "on premise rule." The on premise rule is a limitation on the going and coming rule which, although accepted nearly everywhere in the United States, has been rejected in Arizona commencing with McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950).

■ By the Constitution of Arizona, Article 18, § 8, A.R.S., an injury to be compensable must arise out of and in the course of employment. The term "arising in the course of employment" presupposes that the employer and employee do not think of the acts of going to and from work as part of the services for which the employee was hired, Ryan v. St. Vincent De Paul Roman Catholic Church, 41 N.J. Super. 206, 211, 124 A.2d 315, 318 (N.J. App.Div.1956), but rather that the employment relationship is suspended from the time the employee leaves his work at the end of his shift until his work is resumed at the start of his next shift. Kobe v. Industrial Accident Commission, 35 Cal.2d 33, 35, 215 P.2d 736, 737 (1950). Some courts have held that the perils encountered on the trip to work and return are not hazards peculiar to industry and, therefore, industry should not be accountable for injuries arising from them. See, Harlan Collieries Co. v. Shell, 239 S.W.2d 923, 926–927 (Ky.1951), overruled, Harlan Appalachian Regional Hospital v. Taylor, 424 S.W.2d 580 (Ky.1968).

Larson, in discussing the basic going and coming rule, has this to say:

"The course of employment is not confined to the actual manipulation of the tools of the work, nor to the exact hours of work. On the other hand, while admittedly the employment is the cause of the workman's journey between his home and the factory, it is generally taken for granted that workmen's compensation was not intended to protect him against all the perils of that journey. Between these two extremes, a compromise on the subject of going to and from work has been arrived at, largely by case law, with a surprising degree of unanimity: for an employee having fixed hours and place of work, going to and from work is covered *on the employer's premises.*" 1 A. Larson, The Law of Workmen's Compensation, § 15.11, p. 4–3 (1972) (emphasis in original) (footnotes omitted).

In McCampbell v. Benevolent & Protective Order of Elks, *supra*, the claimant, an employee of the Elks Lodge in Winslow, Arizona, fell while climbing a flight of five cement steps just outside the front door of the Elks Lodge on his way to work. This Court acknowledged there were many cases holding that if the employee was injured after reaching the premises of the employer and before entering upon performance of his duties the accident arose out of the employment. However, it was concluded that the better rule was that unless there is some special risk or danger upon the employer's premises to which the employee is subjected before entering upon his actual work, an injury resulting from an accident "does not arise out of his employment and is therefore noncompensable." 71 Ariz. at 254, 226 P.2d at 153.

■ We think that *McCampbell* was erroneous, because compensation for industrial accidents is not dependent upon special risks or danger to which the employee may be exposed. See, 1 A. Larson, The Law of Workmen's Compensation, § 15.42, pp. 4–51 et seq. (1972). Accordingly, McCampbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950), is overruled and the holdings in such cases as City of Phoenix v. Industrial Commission, 104 Ariz. 120, 449 P.2d 291

(1969), and Inman v. Industrial Commission, 9 Ariz.App. 156, 450 P.2d 122 (1969), are expressly disapproved. We hold that when an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be.

▉▉ The converse of the above is that where an employee is free to leave his employer's premises for a limited period for lunch or refreshments and he suffers an injury while off the employer's premises, he is not from these facts alone in the futherance of his employment and his injury is not subject to a hazard arising out of the employment when off the employer's premises. See, Wetzel v. Britton, 83 U.S. App.D.C. 327, 170 F.2d 285 (1948); Heller Bros. Packing Co. v. Kendricks, 155 Fla. 428, 20 So.2d 387 (1945); Parrott v. Fidelity & Casualty Co., 115 Ga.App. 778, 156 S.E.2d 150 (1967); Roberts & Oake v. Industrial Comm'n, 378 Ill. 612, 39 N.E.2d 315 (1942); Furino v. City of Lansing, 293 Mich. 211, 291 N.W. 637 (1940); Humbert v. Industrial Comm'n, 74 Ohio App. 528, 60 N.E.2d 186 (1944). We recognize that there is a distinct, modern trend to enlarge the area of compensation to injuries occurring while off the employer's premises, see, e. g., Dependents of Pacheco v. Orchids of Hawaii, Haw., 502 P. 2d 1399 (1972), but we think workmen's compensation should not be expanded to injuries sustained while off the employer's premises, when the hazards encountered are not peculiarly within the employer's control.

▉ There is another general rule of law within which, petitioner argues, her case falls, which she calls the "personal comfort" rule. Unquestionably, such a general rule finds acceptance in Arizona. In Nicholson v. Industrial Commission, 76 Ariz. 105, 110, 259 P.2d 547, 550 (1953),

we noted that lunching on the premises is generally recognized to be within the course of employment, and likewise we noted the many decisions to the effect that getting fresh air, smoking, resting, eating food and ice cream, quenching thirst, using a telephone, toilet or other facility, washing and gathering up working clothes, are treated as arising out of the employment.

In our most recent case, of Royall v. Industrial Commission, 106 Ariz. 346, 476 P. 2d 156 (1970), an employee, while working for the Mountain States Telephone Company, was on her lunch break. She went to the employee's lounge to make a personal telephone call and tripped over the legs of a person sitting on a couch, thereby suffering certain injuries for which she sought compensation. We said:

> "[T]he source of injury was sufficiently associated with the employment as to constitute a risk to which claimant was subjected in the course of her employment, and to which she would not have been subjected had she not been so employed." 106 Ariz. at 351, 476 P.2d at 161.

▉ The foregoing leads us to our final conclusion. It is to be acknowledged that the personal comfort rule would apply to the instant case had it been established that the ditch was upon the Leavitts' premises. There is, however, simply no evidence from which it can be determined whether the ditch was on the Leavitts' premises or the park premises. Rather, the inference is strongly suggested that the ditch was the common boundary between the carnival lot and the park. Thus, we cannot say that petitioner's injury was incurred within the on premises exception to the going and coming rule.

We feel constrained to hold that petitioner has failed in her burden of proof and, therefore, the award of no compensation must be affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.