530 P.2d 1139

**Stanley L. KERR, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Sage Communications, Inc., Respondent Employer,**

**Argonaut Insurance Company, Respondent Insurance Carrier.**

**No. 1 CA–IC 1046.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 23, 1975.

Rehearing Denied March 6, 1975.

Review Denied April 15, 1975.

Chris T. Johnson, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jennings, Strouss & Salmon by Ronald H. Moore, Phoenix, for respondents employer and carrier.

## OPINION

OGG, Presiding Judge.

This appeal from a denial of compensation by the Industrial Commission focuses upon the "going and coming rule."

Appellant Stanley L. Kerr was employed by Sage Communications, Inc., as a lineman and foreman. Sage laid communication cable primarily in California and Arizona; the nature of the work necessitated travel by its employees. Mr. Kerr resided with his family in Las Vegas, Nevada. The job which gave rise to this case was in Show Low, Arizona, approximately 400 miles from Las Vegas.

The workers at the Show Low project worked an eighty-hour shift and then were off for four days. While at the worksite they stayed at a nearby motel. The company provided transportation from the motel to the worksite. Each employee, however, provided his own transportation from his permanent residence to the jobsite. Mr. Kerr was injured in a one-car accident after he had completed the eighty-hour shift and was returning to his permanent residence.

Mr. Kerr contended that the injury he sustained arose in the course of employment and fell within an exception to the going and coming rule. The hearing officer found the injury to be within the perimeter of the general rule denying compensation when an injury was sustained going to or coming from work. We affirm the decision.

The going and coming rule was first enunciated in Arizona in Butler v. Industrial Commission, 50 Ariz. 516, 73 P.2d 703 (1937):

"It is of course the general rule in compensation cases, subject to a few exceptions, that a man does not enter an em-

ployment until he reaches the place where the work of his employer is to be carried on, and similarly, when he has finished all the work required by his duties and leaves the place of business of his employer to go to his own home, he has left the employment, and that an accident which may occur to him on his way to or from his work is not in the due course of his employment." 50 Ariz. at 521–522, 73 P.2d at 705.

Appellant Kerr claims that this case falls within two exceptions to the general rule: "Special hazards on route and the journey itself being part of the service."

■ Mr. Kerr apparently believes that the special hazard in this case was the 400 mile distance which he was required to travel to reach the worksite. The basis of this argument is 1 A. Larson, Larson's Workmen's Compensation Law, § 15.13 at 4–7. We are unable to discover authority which supports appellant's contention. Rather, the hazards, if any, which he would encounter in traveling from his home to the worksite are not distinguishable from those "risks [which] are shared with the members of the general public." Rencehausen v. Western Greyhound Lines, 8 Ariz.App. 184, 186, 444 P.2d 741, 743 (1968). If special hazards did exist in making the trip the evidence presented to the hearing officer did not reflect them. We do not believe that the distance of the trip, standing alone, is the type of special hazard which was intended to serve as an exception to the going and coming rule.

The second exception which appellant seeks to fall under is that the journey was itself part of the employment. He claims that since the trip home was necessary to complete the cycle of employment the accident incurred arose in the course of employment and therefore should be compensable.

Appellant Kerr cites Larson as the foundation for his argument:

"The rule excluding off-premises injuries during the journey to and from work does not apply if the making of that journey, or the special degree of in-

conveniences or urgency under which it is made, whether or not separately compensated for, is itself a substantial part of the service for which the worker is employed." 1 Larson, § 16.00 at 4–83.

■■ Moreover, Mr. Kerr urges that a per diem payment to him evidences the fact that the travel to and from his permanent residence was considered to be part of his employment. Payment of a per diem allowance for travel may evidence an intention to include travel time as part of the course of employment. Serrano v. Industrial Commission, 75 Ariz. 326, 256 P.2d 709 (1953); 1 Larson, § 16.09 at 4–86. However, determining whether the per diem was a subsidy for travel or merely a different form of compensation is a fact question for the Commission to resolve, and the conclusions drawn will not be set aside unless there is no reasonable basis for the determination. Valerio v. Industrial Commission, 85 Ariz. 189, 334 P.2d 768 (1959); Sloan v. Industrial Commission, 14 Ariz.App. 354, 483 P.2d 586 (1971).

■ The testimony indicates that all crew members were paid a $7.00 per diem or $35.00 a week. Mr. Kerr testified that he used such sum for motel, food and travel expenses. However, the general superintendent of Sage Communications, Ferdinand D. Pifer, testified that the employees could use the money for any purpose they desired. The record also indicates that the per diem was paid regardless of distance traveled. In fact, an employee could be assigned to a worksite at the place of his permanent residence and he would still receive the per diem.

Mr. Kerr refers this court to opinions of foreign jurisdictions which contain language supportive of his position. See, e. g., Hinojosa v. Workmen's Compensation Appeals Board, 8 Cal.3d 150, 104 Cal.Rptr. 456, 501 P.2d 1176 (1972); Hubbell v. Motif, Inc., 33 A.D.2d 854, 305 N.Y.S.2d 845 (1969). We acknowledge the relevance of the language but do not believe the cited authority requires a different result here.

As early as Butler the Arizona Supreme Court seems to have contemplated the type

of situation with which we are now confronted. In distinguishing the fact situation with which they were presented from the reaches of the general going and coming rule, the court stated:

> "Such a situation is very different from one where he has completely finished with his work for the day and is proceeding towards his regular domicile for the purpose of satisfying his own personal needs and desires, intending to remain there until he is again required, at some fixed hour of the next day, to return to his occupation by such means as may, in his judgment, seem best." 50 Ariz. at 523–524, 73 P.2d at 706.

We are of the opinion that reasonable evidence existed for the hearing officer to conclude that the employer did not provide travel expenses for going to or from the jobsite and that Mr. Kerr's journey home was not a part of his service in the course of his employment.

Denial of compensation by the Commission is affirmed.

DONOFRIO and JACOBSON, JJ., concur.