589 P.2d 1325

Eunice E. KNOOP, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

International Metals Products, Respondent Employer,

International Metals Products, % Self Insurers Service, Inc., Respondent Carrier.

No. 1 CA–IC 1927.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 30, 1978.

Rehearing Denied Jan. 9, 1979.

Review Denied Jan. 30, 1979.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Shimmel, Hill, Bishop & Gruender, P. C. by William C. Blakley, Phoenix, for respondents employer and carrier.

## OPINION

EUBANK, Judge.

The only issue before us in this special action review of an award of the Industrial Commission is whether the hearing officer erred by concluding that the subject accident and injury of the petitioner did not arise out of and in the course of her employment. We believe that the hearing officer's conclusion was incorrect and set aside his award of noncompensability.

## FACTS AND PROCEEDINGS BELOW

The relevant facts are not disputed. At the time of her injury, the petitioner, Mrs. Eunice E. Knoop (petitioner), was employed by International Metals Products (respondent employer), apparently as a production worker. On May 5, 1977, petitioner was scheduled to work from 5:00 a. m. to 3:30 p. m. At approximately 4:45 a. m. on that day, petitioner parked her vehicle in a lot leased by respondent employer. This lot was located to one side of respondent employer's compound of buildings and was separated from the buildings by a publicly owned and maintained street, designated as 14th Street in Phoenix. After parking her vehicle, petitioner walked out of the parking lot towards an entrance to respondent employer's compound of buildings. This entrance was across the street from the parking lot. As she crossed 14th Street to get to the entrance, petitioner slipped on a patch of oil in the roadway and suffered a knee injury. Petitioner filed her claim for Workmen's compensation. It is uncontroverted in the evidence that petitioner and

other employees of respondent employer had orders to park in the leased parking lot where petitioner parked on the day of her accident and injury, even though respondent employer's attorney denied this on appeal.

After the respondent carrier issued its Notice of Claim Status denying petitioner's claim for compensation benefits, petitioner filed a Request for Hearing alleging that her injury arose out of and in the course of her employment with the respondent employer. A hearing was held on October 25, 1977, at which the parties stipulated to most of the facts. Only two witnesses testified, petitioner and a former co-worker. On November 17, 1977, the hearing officer issued his Decision Upon Hearing and Findings and Award for Noncompensable Claim. Findings four and five are relevant:

> 4. The sole issue that arose was whether or not when applicant slipped and fell on 14th Street she was within the course and scope of her employment. It was not a matter of dispute that 14th Street was owned and maintained by the City of Phoenix and not by defendant employer. The usual rule is that where an employee is injured going to or coming from work the accident and resulting injuries do not arise out of and in the course of employment. *Ebasco Services, Inc. v. Bajbek*, 79 Ariz. 89, 284 P.2d 459 (1955); *Serrano v. Industrial Commission*, 75 Ariz. 326, 256 P.2d 709 (1953); *Butler v. Industrial Commission*, 50 Ariz. 516, 73 P.2d 703 (1937). An exception has been carved out of such rule when an employee injures himself while going to or coming from work when he is on the employer's premises. *Pauley v. Industrial Commission*, 109 Ariz. 298, 508 P.2d 1160 (1973). Admittedly, the employee was not on defendant employer's premises when she suffered her injury, although applicant stated she did park her car in a parking lot leased and maintained by her employer prior to proceeding into 14th Street. Applicant has cited the above *Pauley* case

in a memorandum submitted in this matter as support for her position. However, the following found in *Pauley v. Industrial Commission, supra,* at page 307 [508 P.2d 1160], would appear to limit its applicability to situations where the employee is actually on the employer's premises:

> "We hold that when an employee is going to or coming from his place of work and *is on the employer's premises* he is within the protection ambit of the Workmen's Compensation Act, at least when using the customary means of ingress [or] egress [. . .] or is otherwise injured in a place he may reasonably be expected to be." (Emphasis added)

Although applicant was in a place "[she might] reasonably be expected to be" she was not on employer's premises which is a predicate for the aforementioned language. There appear to be no Arizona decisions that would extend an exception to the "going and coming" rule to a situation such as in the instant case where applicant has injured herself in a public thoroughfare after she has arrived at a company leased and maintained parking lot prior to commencing work.

> 5. Applicant did not sustain an injury arising out of and in the course of her employment when she slipped and fell on South 14th Street, Phoenix, Arizona on her way to work.

After the hearing officer affirmed his decision on review, this special action was instituted.

## THE SIGNIFICANCE OF PAULEY v. INDUSTRIAL COMMISSION

As finding four, *supra*, indicates, the hearing officer relied upon the Supreme Court's decision in *Pauley v. Industrial Commission*, 109 Ariz. 298, 508 P.2d 1160 (1973). Further, the petitioner's brief relies upon *Pauley* as support for her position that her injury arose out of and in the course of her employment, while respondents employ-

er and carrier argue that *Pauley* is authority against petitioner's position. We believe that *Pauley* is essentially inapplicable to this case and will attempt to demonstrate the reasons for that belief.

In *Pauley*, the petitioner employee was employed by a traveling carnival. The employee, while taking a coffee break in her camper, which was located on the temporary carnival premises, heard the bell of an ice cream truck off the carnival premises. She attempted to cross a ditch on the border of the premises to reach the truck, slipped and was injured. The Supreme Court described the general Arizona rule that injuries suffered by employees going to or coming from the place of work are noncompensable. Further the *Pauley* Court acknowledged that *McCampbell v. Benevolent & Protective Order of Elks*, 71 Ariz. 244, 226 P.2d 147 (1950) had refused to recognize an exception to the "going and coming" rule for going and coming accidents which occur on the employer's premises. The Court in *Pauley* specifically overruled *McCampbell* and adopted the "on premises rule" exception to the going and coming rule:

> We hold that when an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be.

109 Ariz. at 302, 508 P.2d at 1164. The petitioner in this case relies upon this language and argues that since *Pauley* extended compensation to employees injured on the employer's premises while going to or coming from work, we are now free to extend coverage to a going or coming employee, such as petitioner, who is injured while crossing a street dividing two pieces of property under the employer's control.

After announcing its adoption of the premises exception to the going and coming rule, the *Pauley* court considered the applicability of the exception to the employee there:

> The converse of the above is that where an employee is free to leave his employer's premises for a limited period for lunch or refreshments and he suffers an injury while off the employer's premises, he is not from these facts alone in the furtherance [sic] of his employment and his injury is not subject to a hazard arising out of the employment when off the employer's premises. . . . We recognize that there is a distinct, modern trend to enlarge the area of compensation to injuries occurring while off the employer's premises, *see, e. g., Dependents of Pacheco v. Orchids of Hawaii*, 54 Haw. 166, 502 P.2d 1399 (1972), but *we think workmen's compensation should not be expanded to injuries sustained while off the employer's premises*, when the hazards encountered are not peculiarly within the employer's control.

*Id.* (Emphasis added.) Since Mrs. Pauley had not proved that her injuries occurred on the employer's temporary premises, the Supreme Court held that she was not entitled to compensation benefits under the premises exception.

Respondents employer and carrier in this case rely on the emphasized language from *Pauley, supra*, as support for their contention that that case is authority contrary to petitioner's argument that her injury arose out of and in the course of her employment.

After carefully examining the *Pauley* decision, we believe that the principles therein stated do not determine the result in this case. That decision stated three principles concerning the going and coming rule and its exceptions. First, the court recognized that the going and coming rule is the general well settled rule in Arizona. Second, the court overruled *McCampbell, supra*, and adopted the premises exception to the going and coming rule. Third, the court, in the language quoted above, refused to manipulate the premises exception so as to create

an all encompassing exception to the going and coming rule which would allow compensation to going and coming· employees wherever injured. Since the petitioner in this case was obviously not injured on the employer's premises, petitioner is unable to obtain compensation under *Pauley's* premises exception. Aside from this obvious fact, *Pauley* does not apply to this case.

As discussed hereafter, this case *sub judice* involves an exception to the going and coming rule for travel between two parts of the employer's premises. *Pauley* never mentioned, nor expressly or implicitly prohibited the adoption and application of this exception or of any of the other well recognized off-premises exceptions to the going and coming rule. *See generally* 1 Larson's Workmen's Compensation Law §§ 15.00–15.54 (1978). Consequently, *Pauley* does not require that we accept or reject any of these exceptions aside from the premises exception. *See Kerr v. Industrial Commission*, 23 Ariz.App. 106, 530 P.2d 1139 (1975), where we considered other off-premises exceptions to the going and coming rule after the *Pauley* decision.

## DID PETITIONER'S ACCIDENT AND INJURY ARISE OUT OF AND IN THE COURSE OF HER EMPLOYMENT?

For petitioner's injuries to be compensable under the Workmen's Compensation Act, the accident which caused those injuries must have been one "arising out of and in the course of" her employment. Article 18, section 8, Arizona Constitution, 1 A.R.S.; A.R.S. § 23–1021. The meaning of this requirement was stated by our Supreme Court in *Royall v. Industrial Commission*, 106 Ariz. 346, 349, 476 P.2d 156, 159 (1970):

A compensable injury must *both* "arise out of" the employment and be sustained "in the course of" the employment. The first term refers to the origin or cause of the injury, the second to the time, place and circumstances of the accident in relation to the employment.

On the basis of this constitutional and statutory requirement, our Supreme Court has held that employees injured while going to or coming from work generally are not entitled to compensation. *Butler v. Industrial Commission*, 50 Ariz. 516, 521–2, 73 P.2d 703, 705 (1937); *City of Phoenix v. Industrial Commission*, 104 Ariz. 120, 123–4, 449 P.2d 291, 294–5 (1969); *Pauley, supra,* 109 Ariz. at 300–1, 508 P.2d at 1162–3. However, our courts have recognized numerous exceptions to the going and coming rule for the purpose of fairly and liberally interpreting the requirement that industrial injuries arise out of and in the course of employment. *See Butler, supra,* 50 Ariz. at 524–5, 73 P.2d at 706–7 (an employee coming from one employer's premises and going to the premises of another employer, with the knowledge of each, is within course of each employment); *Harris v. Industrial Commission*, 72 Ariz. 197, 198, 232 P.2d 846, 847 (1951) (where the work is of such a nature that it creates the necessity of travel on the part of the employee, or where the employer compensates the employee for travel to and from work, the employee is within the purview of the Workmen's Compensation Act); *Pauley, supra,* 109 Ariz. at 302, 508 P.2d at 1164 (the "on premises rule" exception); *Kerr v. Industrial Commission*, 23 Ariz.App. 106, 108, 530 P.2d 1139, 1141 (1975) (an employee injured going to or coming from worksite is within the course of the employment if there are "special hazards on route").

In this case, it is clear that petitioner was injured while walking from the leased parking lot to the employer's buildings. The leased parking lot is considered the employer's premises. *Gaughan v. Industrial Commission*, 21 Ariz.App. 137, 138, 516 P.2d 1232, 1233 (1973); 1 Larson's Workmen's Compensation Law § 15.41 (1978). Since petitioner was injured between two parcels of the employer's premises while going to work, the going and coming rule itself would prevent her from receiving compensation unless some relevant exception to that rule applies.

Professor Larson has described an exception to the going and coming rule which precisely fits the facts of this case:

§ 15.14 Travel between two parts of premises

One category in which compensation is almost always awarded is that in which the employee travels along or across a public road between two portions of his employer's premises, whether going and coming, or pursuing his active duties.

Since, as shown later, a parking lot owned or maintained by the employer is treated by most courts as part of the premises, the majority rule is that an injury in a public street or other off-premises place between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises.

1 Larson's Workmen's Compensation Law § 15.14, at 4–34, 4–36. (Footnotes omitted). Petitioner relies upon this statement by Professor Larson as support for her contention that her accident and injury arose out of and in the course of her employment.

In our attempt to determine whether the above described exception to the going and coming rule should be recognized by this court, we have particularly examined cases with fact patterns similar to that in this case. Each of the following cases applied the exception to a similar fact situation: *Campbell v. Gates Rubber Company,* 526 P.2d 679 (Colo.App.1974) (the employee was injured going from the workplace to the parking lot after work; because the exception applied, and the employee's injury occurred in the scope of her employment, her negligence action was dismissed); *Willis v. State Accident Insurance Fund,* 3 Or.App. 565, 475 P.2d 986 (1970) (the employee was injured while crossing a public park from a parking lot to the workplace); *Proctor-Silex Corporation v. DeBrick,* 253 Md. 477, 252 A.2d 800 (App.1969) (the employee was injured on a sidewalk while walking from a parking lot to the employer's building); *Jean v. Chrysler Corporation,* 2 Mich.App.

564, 140 N.W.2d 756 (1966) (the employee was killed while crossing the street from the workplace to the parking lot); *Swanson v. General Paint Company,* 361 P.2d 842 (Okl.1961) (the employee was killed while crossing the street from the parking lot to the workplace); *Lewis v. Walter Scott & Co., Inc.,* 50 N.J.Super. 283, 141 A.2d 807 (1958) (same facts as in *Proctor-Silex, supra*); *Gaik v. National Aniline Division,* 5 A.D.2d 1039, 173 N.Y.S.2d 409 (1958) (the employee was injured on a sidewalk while walking from the employer's building to a parking lot). We have also examined some decisions in which the courts have refused to apply this exception to the going and coming rule. *See, e. g., North American Rockwell Corporation v. Workmen's Compensation Appeal Board,* 21 Pa.Cmwlth. 437, 346 A.2d 379 (1975) (decision based on unusually worded statute); *Osborn v. Industrial Commission,* 50 Ill.2d 150, 277 N.E.2d 833 (1971).

After careful consideration, we believe that the exception to the going and coming rule for travel across a public road between two portions of the employer's premises is a reasonable exception, at least where, as here, the employee was told to park in the lot where she parked on the day she was injured. In this situation, petitioner was subjected to the risks involved in crossing 14th Street as a result of her employment. By locating the lot where it did so that petitioner had to cross 14th Street, and by telling petitioner to park there, respondent employer helped create the situation which caused her accident and injury. Therefore, an "origin or cause of the injury" was her employment, and, thus, her injury was one "arising out of" the employment. *Royall, supra,* 106 Ariz. at 348–9, 476 P.2d at 158–9; 1 Larson's Workmen's Compensation Law § 15.15 (1978). Moreover, "an injury arising out of employment almost necessarily occurs in the course of it." *Royall, supra,* 106 Ariz. at 349, 476 P.2d at 159. There is no reason why this general rule does not apply here.

We believe that this exception to the going and coming rule is a reasonable one in part because it is easily controlled and limited in scope. There is no chance that this type of narrow exception will swallow the going and coming rule or result in the types of deleterious effects so convincingly ascribed by Professor Larson to other exceptions to the rule. *See* 1 Larson's Workmen's Compensation Law § 15.12 (1978).

We hold that petitioner's accident and injury arose out of and in the course of her employment. We further hold that there is an exception to the going and coming rule for accidents and injuries occurring on public roads while the employee is traveling between an employer controlled parking lot and the employer's workplace, where, as here, the employee was told to park in the lot where she parked on the day she was injured. We express no opinions concerning the result in a case where the employee is not told to park in a particular employer controlled parking lot.

The award is set aside.

WREN, P. J., and NELSON, J., concur.