595 P.2d 1035

**Wayne FAUL and Virginia Faul, husband and wife, Plaintiffs-Appellants,**

v.

**JELCO, INC., a Foreign Corporation, Defendant-Appellee.**

**No. 2 CA–CIV 3104.**

Court of Appeals of Arizona, Division 2.

April 9, 1979.

Rehearing Denied May 2, 1979.

Review Denied May 30, 1979.

Scott W. Schlievert, Tucson, for plaintiffs-appellants.

Murphy & Hazlett by Thomas M. Murphy, Tucson, for defendant-appellee.

## OPINION

HATHAWAY, Judge.

Appellants brought a personal injury tort action alleging negligence by appellee's employee and joining appellee as defendant on the theory of respondeat superior, appellee's motion for summary judgment, which denied the employee was acting within the scope of his employment at the time of the accident, was granted. We affirm the summary judgment.

We view the facts most favorably to appellants to determine whether material facts are in dispute and if appellee is entitled to judgment as a matter of law. *Union Bank v. Pfeffer*, 18 Ariz.App. 386, 502 P.2d 535 (1972). Appellee, which drew its labor force from all of Arizona, hired employee to work as a lineman on a power line construction project near Oracle Junction. Each workday, employee was required to report to a "show up" location, from which appellee transported him to the job site. Because of the remote location of the job site, employee was paid zone pay, an increased hourly wage, but no separate compensation for travel time, travel expenses or per diem living expenses was paid.[1] Employee was required to supply certain tools, for which appellee provided storage at the job site.

---

1. Zone pay is based on the distance of the job site from specified urban areas, not on the distance an employee must actually travel.

Employee lived in a trailer near Oracle Junction during the work week, returning to his home in Winslow for the weekend. After a weekend at home, early Monday morning, employee was driving his own vehicle to his trailer, intending to proceed from there to the "show up" location. His tools were in his vehicle because, after finishing work the preceding Friday, he had taken them home for his own use. Approximately three miles from Oracle Junction, employee's vehicle crossed the center line of the highway and struck appellants' vehicle.

An employer is vicariously liable for the torts of his employee committed while acting in the scope of employment. *Consolidated Motors, Inc. v. Ketcham*, 49 Ariz. 295, 66 P.2d 246 (1937); Restatement (Second) of Agency, § 219 (1958). As a general rule, an employee is not acting within the scope of employment while commuting to or from work. *State v. Superior Court in and for the County of Maricopa*, 111 Ariz. 130, 524 P.2d 951 (1974); *Anderson v. Gobea*, 18 Ariz.App. 277, 501 P.2d 453 (1972); Restatement (Second) of Agency, § 233 Comment a, supra.

One exception to this rule is recognized when travel to and from work involves special hazards. See *Kerr v. Industrial Commission*, 23 Ariz.App. 106, 530 P.2d 1139 (1975). In this case, the alleged special hazard was the long distance employee had to travel to reach the "show up" location. *Kerr v. Industrial Commission*, supra, rejects the claim that distance alone constitutes a special hazard. 23 Ariz.App. at 108, 530 P.2d at 1141.

A second exception to the going and coming rule is the dual purpose doctrine. The first alleged dual purpose for the commuting is carrying tools required for employment. The dual purpose exception applies when in addition to merely commuting, the employee performs a concurrent service for his employer that would have necessitated a trip by another employee if the commuting employee had not been able to perform it while commuting. *Anderson v. Gobea*, supra. The employee in *Anderson*, for example pursuant to instructions from his employer, had used his own vehicle to tow a trailer with employment-related equipment from work to his home, and was returning to work with it when the accident occurred. If the commuting employee had been unable to tow the trailer, another employee would have had to do it. In contrast, the employee in this case was carrying his tools solely for personal reasons.

Appellants rely on the dissent in *Wilson v. Workers' Compensation Appeals Board, Oakland Unified School District*, 16 Cal.3d 181, 127 Cal.Rptr. 313, 545 P.2d 225 (1976), which argued that the dual purpose exception applied to a school teacher who, although not expressly or impliedly required to transport teaching materials from her home to school as a condition of employment, often transported such materials to fulfill her teaching responsibilities. Assuming arguendo that this rule is consistent with *Anderson v. Gobea*, supra, it is inapplicable to this case. Although employee was required to supply tools, he was not required to transport them because appellee supplied a storage area at the work site.

The second alleged dual purpose for the commuting is based on *Hinman v. Westinghouse Electric Co.*, 2 Cal.3d 956, 88 Cal.Rptr. 188, 471 P.2d 988 (1970). In *Hinman*, the California Supreme Court held that the dual purpose exception applied when an employer paid an employer for both travel time and travel expenses if the job site was located more than a specified distance from the city center. The rationale of the decision was that by either reaching out into distant labor markets or sending employees from their residences directly to remote job sites, the employer realized a benefit that increased the risk of injury from transportation and therefore should be required to bear the cost of injuries resulting from that risk.

Because *Hinman* adopted a risk justification for respondeat superior, in contrast to the control justification applied in Arizona, see e. g., *State v. Superior Court*, supra, we are uncertain whether the *Hinman* rule would apply in Arizona. We need not decide that question, however, because the

*Hinman* court restricts its holding to cases where the employer compensates the employee for both travel expenses and travel time.[2] In this case, the employee was not directly compensated for either.

Because no material issues of fact are in dispute and respondeat superior is inapplicable as a matter of law, summary judgment was appropriate.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.

---

2. *Hinman* reserves the question of whether payment of travel expenses alone would be sufficient to impose liability on the employer. *State v. Superior Court*, supra, rejected the claim that an employer exercises sufficient control over an employee by paying travel expenses to justify imposing liability on the employer. 111 Ariz. at 130, 524 P.2d at 954.