974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MUSEUM OF NORTHERN ARIZONA, INC., an Arizona non-profit
corporation, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, an instrumentality of the
United States of America, as Receiver for Pima
Savings and Loan Association, et al.,
Defendant-Appellee.
 Nos. 91-15749, 91-15855.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 9, 1992.
As Amended Dec. 23, 1992.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-90-01192-CAM, C.A. Muecke, District Judge, Presiding.
 D.Ariz.
 DISMISSED IN NO. 91-15855, AFFIRMED AND REMANDED IN NO. 91-15749.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Museum of Northern Arizona, Inc. ("Museum") contends that the district court erred in granting summary judgment to the Resolution Trust Corporation ("RTC") and in denying its motion under Rule 59 of the Federal Rules of Civil Procedure to alter or to amend that judgment. RTC initially appealed the district court's denial of its claim for attorneys' fees, but has now elected to abandon that claim. See Appellee's Answering Brief at 4. RTC does, however, seek attorneys' fees in connection with this appeal.
 
 
 3
 Museum contends that Arizona's version of the Uniform Commercial Code permits a direct action by a drawer against a collecting bank under the circumstances presented here. We agree with the district court that we need not reach this issue, which the Arizona courts have not yet addressed, and as to which the reported decisions are in conflict. Compare Sun'n Sand, Inc. v. United California Bank, 582 P.2d 920, 928 (Cal.1978) (plurality opinion); Underpinning & Foundation Constructors v. Chase Manhattan Bank, 386 N.E.2d 1319, 1320-21 (N.Y.1979) (allowing direct actions by the drawer against the collecting bank); with Stone & Webster Eng'g Corp. v. First Nat'l Bank & Trust, 184 N.E.2d 358 (Mass.1962) (refusing to allow such actions).
 
 
 4
 If we were to hold that Museum may maintain a direct action against RTC, thus permitting it to bypass the drawer's usual remedy of a suit against its own bank, we would be constrained to hold as well that RTC could assert any defenses that would have been available to the drawee bank in such a suit. Museum's action would then fail by virtue of Arizona Revised Statutes section 47-4406(D), the so-called Bank Statement Defense. This provision would prevent Museum from asserting any claim based upon the unauthorized endorsements because it failed to report them to its bank within the applicable one-year time limit.
 
 
 5
 There is no question that Museum failed to notify its bank of the unauthorized endorsements within the period fixed by law. The Museum employee who reviewed the bank statements admitted in her deposition that no official notice was ever given. Museum argues, however, that the Arizona courts would "almost certainly" not permit RTC to avail itself of the Bank Statement Defense if RTC's predecessor, Pima Savings ("the bank"), were shown to have acted in bad faith in honoring the checks at issue. In so arguing, Museum places its sole reliance on the case of City of Phoenix v. Great Western Bank and Trust, 712 P.2d 966 (Ariz. App. 1985). We find it unnecessary to decide whether Arizona law supports Museum's position on this issue, for even if we were to conclude that the alleged bad faith of the bank was relevant, we believe that as a matter of law the bank could not be guilty of any bad faith.
 
 
 6
 The parties agree that the facts that are determinative of whether the bank acted in good faith are undisputed. See Appellant's Opening Brief at 5, Appellee's Response Brief at 27-28. the only basis suggested by Museum for finding bad faith on the part of the bank is that the bad faith of its dishonest employee is attributable to the bank via principles of respondeat superior. In addition to the arguments made on appeal, we have carefully considered the Arizona authorities cited by the parties in this connection in the briefs submitted to the district court. We conclude as a matter of law that, under the applicable precedents, and given the undisputed facts, the bank could not be chargeable with the bad faith of its employee.
 
 
 7
 Arizona observes the general common law rule that "an employer is vicariously liable only for the behavior of an employee who was acting within the scope of his employment." Pruitt v. Pavelin, 685 P.2d 1347, 1357 (Ariz. App. 1984) (citations omitted). This court has previously noted that "[u]nder Arizona law an employee is considered to be acting within the scope of employment if he meets either of two related tests." Hartzell v. United States, 786 F.2d 964, 966 (9th Cir. 1986). Only the first of these, derived from the Restatement (Second) of Agency, might apply here. One essential element of this test is that the act sought to be attributed to the employer "was intended at least in part to serve" that employer. Id. (citing Anderson v. Gobea, 501 P.2d 453, 456 (Ariz. App. 1972)). See Love v. Liberty Mutual Ins. Co., 760 P.2d 1085, 1087 (Ariz. App. 1988) (same).
 
 
 8
 Museum argues that the bank's wayward teller was hired to cash and to deposit checks for its customers, and that she did neither more nor less than this in handling the checks bearing the forged endorsements. [Plaintiff's Reply to Defendant's Response to Motion for Partial Summary Judgment at 5.] We understand this argument, but must reject Museum's characterization of the "acts" of the employee with which we are here concerned. Those acts, as Museum concedes, [id.] are properly described as constituting illegal money laundering. It cannot seriously be maintained that such acts were intended, even in part, to serve the bank. We conclude that the bank is guilty of no bad faith, as a matter of law.
 
 
 9
 Thus, there was no material issue of fact to preclude the district court's deciding this case in summary fashion. Summary judgment was properly granted in favor of RTC. Having properly granted summary judgment, the district court committed no abuse of discretion in denying Museum's Rule 59 motion to alter or amend the judgment.
 
 
 10
 RTC seeks an award covering the attorneys' fees it has incurred in defending this appeal. Arizona law provides that a court may award reasonable attorneys' fees to the prevailing party "[i]n any contested action arising out of a contract, express or implied...." A.R.S. § 12-341.01(A). RTC is entitled to recover reasonable attorneys' fees in connection with this appeal. We remand to the district court for a determination, subject to the requirements of the Arizona statute, of the amount to which RTC is entitled.
 
 
 11
 The appeal in Case No. 91-15855 is DISMISSED; the judgment in Case No. 91-15749 is AFFIRMED and the case REMANDED with instructions.
 
 
 12
 FERNANDEZ, Circuit Judge, Concurs in the Result.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3